**Quincy K.A. SINTIM and Shirley H. Mills n/k/a Shirley H. Sintim, Appellants**

v.

**Michele LARSON and Brian Larson, Appellees**

**NO. 14–14–00896–CV**

Court of Appeals of Texas, Houston (14th Dist.).

Opinion filed March 10, 2016

James Okoro Okorafor, Houston, TX, for Appellants.

David W. Showalter, Richmond, TX, for Appellees.

Panel consists of Justices Boyce, Busby, and Brown.

## OPINION

William J. Boyce, Justice

This appeal arises from efforts to collect on a 2002 default judgment in favor of Michele Larson and Brian Larson, and against Quincy K.A. Sintim and Shirley H. Mills n/k/a Shirley H. Sintim. The Sintims contend on appeal that (1) the underlying default judgment is void or voidable as a matter of law; (2) the default judgment is dormant and the trial court therefore lacked subject matter jurisdiction over the post-judgment discovery proceedings; and (3) the trial court abused its discretion by ordering the Sintims to respond to post-judgment discovery and to pay attorney's fees to the Larsons as a sanction. We dismiss for want of jurisdiction the portions of the Sintims' appeal challenging the validity of the default judgment and the trial court's order concerning post-judgment discovery. We affirm the trial court's award of attorney's fees as a sanction.

### BACKGROUND

The Larsons purchased a house from the Sintims in 2001. After the sale, the Larsons allegedly discovered mold in the house and filed suit against the Sintims and various other parties. The Sintims did not file an answer to the lawsuit. After a hearing on damages, the trial court

signed a default judgment against the Sintims on December 20, 2002.

The Larsons' claims against the Sintims were severed in January 2003, making the judgment final. Shortly thereafter, the Sintims answered and filed a motion to set aside the judgment or, alternatively, for new trial. The trial court did not rule on the motion, and it was overruled by operation of law. The Sintims did not seek appellate review of the default judgment, nor did they attack the default judgment by bill of review.

The Larsons conducted post-judgment discovery in 2004 and 2010. Just before the 10–year anniversary of the default judgment, the Larsons secured the issuance of a writ of execution and delivered the writ to the constable on November 29, 2012.

The Larsons attempted to conduct additional post-judgment discovery in 2014. After the Larsons filed a motion to compel, the trial court ordered the Sintims to answer the Larsons' post-judgment discovery. The Sintims responded with a motion to quash the discovery in which they contended: the Larsons' 2012 writ of execution was defective; the 2002 default judgment was dormant; and the trial court no longer had subject matter jurisdiction over the dispute.

The trial court denied the Sintims' motion to quash on October 9, 2014. In a separate order signed October 15, 2014,

the trial court again ordered the Sintims to respond to the Larsons' discovery, ordered that any failure to respond would result in contempt proceedings, and ordered the Sintims to pay $3,500 in attorney's fees to the Larsons as a sanction.

The Sintims filed a notice of appeal challenging the trial court's October 9, 2014 and October 15, 2014 orders.

### ANALYSIS

On appeal, the Sintims contend that (1) the underlying default judgment is void or voidable as a matter of law; (2) the default judgment is dormant and the trial court therefore lacked subject matter jurisdiction over post-trial discovery proceedings; and (3) the trial court abused its discretion by ordering the Sintims to respond to post-judgment discovery and to pay the Larsons their attorney's fees as a sanction.

### I. Validity of 2002 Default Judgment

 The Sintims contend that the default judgment is voidable as a matter of law because "[t]he amounts awarded in the judgment were without evidentiary support and remain so at this moment."[1]

The default judgment was signed on December 20, 2002. The Sintims filed a motion to set aside the default judgment, or, alternatively, motion for new trial on January 17, 2003. The trial court did not rule on the motion for new trial, and it was overruled by operation of law 75 days la-

---

1. The Sintims contend in their brief that the default judgment is "void or voidable." A contention that the default judgment lacked sufficient evidentiary support is an argument that the judgment is voidable, not void. See PNS Stores, Inc. v. Rivera, 379 S.W.3d 267, 272 (Tex.2012) ("We have described a judgment as void when 'the court rendering judgment had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act.' ") (quoting Trav-

elers Ins. Co. v. Joachim, 315 S.W.3d 860, 863 (Tex.2010)). As the supreme court noted in PNS Stores, "[t]he distinction between void and voidable judgments is critical when the time for a direct attack has expired" because, while a void judgment may be attacked collaterally at any time, a voidable judgment may be challenged only by a direct attack—such as an appeal, a motion for new trial, or a bill of review—which must be brought within a definite time period after the judgment's rendition. Id. at 271–72.

ter. *See* Tex.R. Civ. P. 329b(c). By their own admission, the Sintims did not appeal the default judgment.[2] *See* Tex. R. App. P. 26.1 (if a motion for new trial is timely filed, then the notice of appeal must be filed within 90 days after the judgment is signed). Nor did the Sintims seek to set aside the default judgment by bill of review. *See Caldwell v. Barnes,* 975 S.W.2d 535, 537–38 (Tex.1998) ("A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal," and must be filed within four years of the default judgment's rendition.).

Because the Sintims did not timely pursue available means of challenging the default judgment based on sufficiency of the evidence, we lack subject matter jurisdiction to consider their challenge to that judgment in this appeal. *See, e.g., Carmona v. Stahely,* No. 14–07–00448–CV, 2008 WL 450369, at *1 (Tex.App.—Houston [14th Dist.] Feb. 21, 2008, no pet.) (per curiam) (dismissing challenge to default judgment for lack of jurisdiction where no appeal was perfected and a subsequent bill of review proceeding was dismissed for want of prosecution). Accordingly, we dismiss the portion of this appeal challenging the validity of the 2002 default judgment.

## II. Trial Court's Post–Judgment Discovery and Sanctions Order

█ In their remaining issues, the Sintims challenge the trial court's post-judgment jurisdiction and the validity of the trial court's post-judgment discovery order. Specifically, in their second issue the Sintims contend that, even assuming the validity of the default judgment, the Larsons' 2012 writ of execution was defective; as a result, the Sintims contend the default judgment is now dormant[3] and the trial court lacked subject matter jurisdiction over the post-judgment discovery proceedings.[4] In their third issue, the Sintims contend that the trial court abused its discretion in awarding the Larsons their attorney's fees as a sanction "without first determining whether it had subject matter jurisdiction over the issues at hand," and that, even if the trial court had jurisdiction over the post-judgment discovery proceedings, the trial court's discovery and sanctions orders constituted an abuse of discretion because the discovery ordered was abusive and the attorney's fees awarded were not properly supported by evidence.

---

2. Likewise, the Sintims did not pursue a restricted appeal, which is a direct attack on a default judgment. *See Whitaker v. Rose,* 218 S.W.3d 216, 219 (Tex.App.—Houston [14th Dist.] 2007, no pet.). Regardless, a restricted appeal would not have been successful. Texas Rule of Appellate Procedure 30 permits a restricted appeal from an appellant "who did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion ..." *See* Tex. R. App. P. 30. Here, the Sintims timely filed a motion for new trial challenging the default judgment. *See Lab. Corp. of Am. v. Mid–Town Surgical Ctr., Inc.,* 16 S.W.3d 527, 528 (Tex.App.—Dallas 2000, no pet.) (concluding court of appeals lacked jurisdiction over restricted appeal where appellant filed a timely motion for new trial).

3. "If a writ of execution is not issued within 10 years after the rendition of a judgment of a court of record or a justice court, the judgment is dormant and execution may not be issued on the judgment unless it is revived." Tex. Civ. Prac. & Rem. Code Ann. § 34.001(a) (Vernon 2015).

4. Rule 621a, which governs post-judgment discovery, "is an aid to the enforcement of the court's judgment, and the trial court has continuing jurisdiction over such matters set forth in the rule." *Arndt v. Farris,* 633 S.W.2d 497, 499 (Tex.1982); *see also* Tex. R. Civ. P. 621a.

Generally, appeals may only be taken from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Orders made for the purpose of enforcing or carrying into effect an already-rendered judgment generally are not final judgments or decrees, and therefore cannot be appealed. *See, e.g., Wagner v. Warnasch*, 156 Tex. 334, 295 S.W.2d 890, 893 (1956); *Walter v. Marathon Oil Corp.*, 422 S.W.3d 848, 855 (Tex.App.—Houston [14th Dist.] 2014, no pet.); *Kennedy v. Hudnall*, 249 S.W.3d 520, 523 (Tex.App.—Texarkana 2008, no pet.). "Even if a trial court signs an interlocutory order that is void for lack of jurisdiction, this court still has no jurisdiction to entertain an interlocutory appeal from that order absent statutory authority." *Young v. Villegas*, 231 S.W.3d 1, 6 (Tex.App.—Houston [14th Dist.] 2007, pet. denied).

The interlocutory orders at issue here are not orders for which an interlocutory appeal is authorized.[5] Accordingly, the Sintims' remedy to challenge both the trial court's continuing jurisdiction to issue post-judgment discovery orders and the terms of the orders themselves ordinarily would be by petition for writ of mandamus. *See In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex.2000) (orig.proceeding) ("Mandamus is proper if a trial court issues an order beyond its jurisdiction."); *In re Thomas*, No. 14–10–00001–CV, 2010 WL 183519, at *1 (Tex.App.—Houston [14th Dist.] Jan. 21, 2010, orig. proceeding) (mem.op.) ("Some post-judgment orders are final and appealable.... Post-judgment discovery orders may be reviewed by

mandamus, however."); *In re Amaya*, 34 S.W.3d 354, 356 (Tex.App.—Waco 2001, orig. proceeding) ("[M]andamus is the proper form to obtain a review of a trial court's post judgment discovery order.").

The Sintims have not filed a petition for writ of mandamus, and they have not requested that we treat their appeal as a petition for writ of mandamus. *See CMH Homes v. Perez*, 340 S.W.3d 444, 452–54 (Tex.2011) (where party "specifically request[ed] that its appeal be treated as a mandamus petition," court of appeals instructed to consider appeal as a petition for writ of mandamus); *Jones v. Brelsford*, 390 S.W.3d 486, 497 n. 7 (Tex.App.—Houston [1st Dist.] 2012, no pet.) ("[I]n an appropriate case, we may treat an appeal as a petition for writ of mandamus, and an appellant who specifically requests that her appeal be treated as a mandamus petition invokes this Court's original jurisdiction. Dianna, however, did not invoke our original jurisdiction because she did not request ... that her issue ... be construed as a request for mandamus relief should this Court determine that the issue is outside the scope of our jurisdiction in this interlocutory appeal.") (citations omitted); *In re Estate of Aguilar*, 435 S.W.3d 831, 833–34 (Tex.App.—San Antonio 2014, no pet.) ("We also recognize that, in certain circumstances, we may treat an appeal as a petition for writ of mandamus. However, to do so, the party seeking appellate review must specifically request that its appeal be treated as a mandamus petition to invoke this court's original jurisdiction.") (citations omitted). Insofar as re-

---

**5.** One of the orders challenged by the Sintims is the trial court's October 9, 2014 order denying their "motion for lack of subject matter jurisdiction." In that motion, the Sintims challenged the trial court's jurisdiction to issue any post-judgment discovery orders. Although that motion could be construed as a plea to the jurisdiction, *see, e.g., Thomas v.*

*Long*, 207 S.W.3d 334, 339–40 (Tex.2006) (treating motion for summary judgment on jurisdictional grounds as plea to the jurisdiction), only a governmental unit may bring an interlocutory appeal from the denial of a plea to the jurisdiction. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon Supp.2015); *Young*, 231 S.W.3d at 6–7.

view of the challenged orders must occur via mandamus, we cannot entertain the Sintims' contentions.

■ However, when an order of monetary sanctions is issued as part of post-judgment discovery proceedings, a challenge to the monetary sanctions properly may be reviewed by appeal. *See Arndt v. Farris,* 633 S.W.2d 497, 500 n. 5 (Tex.1982) ("An order for sanctions is merely one type of discovery order authorized by Rule 621a. Trial court orders granting or denying particular postjudgment discovery requests are not appealable until a final judgment is rendered disposing of all issues between the parties.... An order imposing monetary sanctions, however, would be final and appealable when the sanctions are reduced to a judgment and execution is authorized thereon."); *Bahar v. Lyon Fin. Servs., Inc.,* 330 S.W.3d 379, 388 (Tex.App.—Austin 2010, pet. denied) ("Post-judgment orders regarding discovery disputes are not final, appealable judgments over which this Court has jurisdiction. Such orders are reviewable only by mandamus. Consequently, we lack jurisdiction to review the order compelling discovery. A post-judgment imposition of monetary sanctions, however, is a final, appealable judgment 'when the sanctions are reduced to a judgment and execution is authorized thereon.' Here, the order compelling discovery imposed monetary sanctions on Bahar. Although the order did not explicitly state that 'execution is authorized,' it disposed of the sanctions issue and would support execution. Accordingly, we have jurisdiction to review it.") (citations omitted).

Here, the trial court signed a post-judgment discovery order that, in part, awarded the Larsons $3,500 in attorney's fees as sanctions against the Sintims for discovery abuse. We may review the trial court's award of attorney's fees in this appeal. *See Bahar,* 330 S.W.3d at 388.

### A. Jurisdiction

■ Because the propriety of the sanction award is properly before us on appeal, we must address the trial court's jurisdiction to issue the order awarding sanctions, which, as previously noted, would ordinarily be a question for a mandamus proceeding. *See, e.g., Kilroy v. Kilroy,* 137 S.W.3d 780, 783 (Tex.App.—Houston [1st Dist.] 2004, no pet.) (court of appeals must determine, even *sua sponte,* whether it has jurisdiction over a matter before it can reach the merits).

We conclude the trial court had jurisdiction to issue the post-judgment discovery order containing the attorney's fees award. As noted previously, "the trial court has continuing jurisdiction over such matters set forth in [Rule 621a]." *Arndt,* 633 S.W.2d at 499. The trial court therefore had jurisdiction over the post-judgment discovery proceedings unless the judgment was dormant. *See* Tex. R. Civ. P. 621a. The Sintims contend that the Larsons' 2012 writ of execution was defective, and that the judgment therefore became dormant on December 20, 2012—ten years after the default judgment was signed. *See* Tex. Civ. Prac. & Rem. Code Ann. § 34.001(a). The Sintims argue that the writ of execution was defective because it was not served on them and was not enforced with due diligence.

Reviewing the record, we conclude the judgment was timely renewed and did not become dormant. In order to prevent a judgment from becoming dormant, a writ of execution must be issued within 10 years after the rendition of the judgment. *See id.* A timely issued writ of execution will extend the date on which the judgment becomes dormant to 10 years from the date of the execution of the writ. *See id.* § 34.001(b).

"The term 'issue' means more than mere clerical preparation of the writ and *requires* that it be delivered to an officer for enforcement." *Williams v. Short*, 730 S.W.2d 98, 99 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.) (emphasis in original). The judgment creditor bears the burden "to prove not only a clerical preparation within the time period, but also either actual delivery to the appropriate officer within the period or, if actual delivery is made after expiration of the period, then reasonable diligence in making delivery from the date shown on the writ until actual delivery to the officer." *Id.* at 99–100. The absence of a return does not negate issuance of the writ. *Rollins v. Am. Express Travel Related Servs. Co.*, 219 S.W.3d 1, 4 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

The Larsons requested issuance of a writ of execution on November 13, 2012. The writ was prepared, and the Larsons timely and unconditionally delivered the writ to the constable for execution on November 29, 2012. Accordingly, the writ was timely issued and the 2002 judgment was not dormant.[6]

Having concluded that the judgment did not become dormant in 2012, we conclude that the trial court had continuing jurisdiction over the post-judgment discovery proceedings and had jurisdiction to issue the orders at issue. *See* Tex. R. Civ. P. 621a; *Arndt*, 633 S.W.2d at 499. As a result, we necessarily overrule the Sintims' second issue.

## B. Post–Judgment Discovery Sanction

We next determine whether the portion of the post-judgment discovery order awarding attorney's fees as a sanction— the only portion of the order properly before us in this appeal—constituted an abuse of discretion.

In its October 15, 2014 order, the trial court ordered the Sintims to "pay to [the Larsons] $3,500.00 for attorney fees and expenses incurred in preparing, filing and presenting the motions to compel and for sanctions." The Sintims contend that the sanction is unsupported by competent evidence in the record because the Larsons' attorney "simply states his expenses are $3,500.00 without the addition of any affidavits or explanation of fees to prove up such fees."

"In cases in which the judgment is not one for earned attorney's fees, but rather a judgment imposing attorney's fees as sanctions, it is not invalid because a party fails to prove attorney's fees." *Scott Bader, Inc. v. Sandstone Prods., Inc.*, 248 S.W.3d 802, 816 (Tex.App.—Houston [1st Dist.] 2008, no pet.). Because the attorney's fees were awarded to the Larsons as sanctions for the Sintims' discovery abuse, simply showing that the Larsons failed to prove the fees' necessity or reasonableness is not sufficient to demonstrate that the trial court abused its discretion in making the award. *See id.* at 817 ("[B]y focusing on the lack of evidentiary value of Waters's affidavit to prove the reasonableness and necessity [of] attorney's fees actually

---

**6.** The Sintims also contend that the writ of execution sought to seize the Sintims' homestead. They contend that because the only property specifically identified for seizure was exempt property, the Larsons lacked good faith when delivering the writ to the officer because there was no reasonable expectation of recovery. They also contend that the Larsons' alleged failure to seek out non-exempt assets demonstrates a lack of diligence in enforcing the writ. We reject these arguments. There is no evidence that the Larsons were aware that the named property was the Sintims' homestead, nor did the writ of execution preclude the constable from seizing any non-exempt property that could be located.

earned by Sandstone's attorneys, Sandstone has not demonstrated that the trial court abused its discretion when it awarded $68,000 in attorney's fees as sanctions."). The Sintims' challenge to the trial court's sanctions award of $3,500 in attorney's fees and expenses is overruled.

Regarding the Sintims' challenges to the remaining portions of the postjudgment discovery order, we render no opinion on whether mandamus would issue as to those claims.

## III. Frivolous Appeal

The Larsons contend that the Sintims' appeal is frivolous and brought only for the purpose of delay. The Larsons request that we assess appropriate sanctions against the Sintims.

After considering the record, briefs, and other papers filed in this court, we may award a prevailing party "just damages" if we objectively determine that an appeal is frivolous. Tex. R. App. P. 45; *Smith v. Brown,* 51 S.W.3d 376, 381 (Tex. App.—Houston [1st Dist.] 2001, pet. denied). An appeal is frivolous when the record, viewed from the perspective of the advocate, does not provide reasonable grounds for the advocate to believe that the case could be reversed. *Smith,* 51 S.W.3d at 381. Although imposing sanctions is within our discretion, we will do so only in truly egregious circumstances. *Conseco Fin. Servicing v. Klein Indep. Sch. Dist.,* 78 S.W.3d 666, 676 (Tex.App.—Houston [14th Dist.] 2002, no pet.); *see also Wilson v. Martinez,* No. 14–10–00598–CV, 2011 WL 3063354, at *3 (Tex.App.—Houston [14th Dist.] July 26, 2011, no pet.) (mem.op.) ("Rule 45 does not mandate that this court award just damages in every case in which an appeal is frivolous.").

Having considered the parties' filings in light of these principles, we do not award damages. We overrule the Larsons' request for Rule 45 sanctions.

### CONCLUSION

We dismiss for want of jurisdiction the portions of the Sintims' appeal challenging the validity of the default judgment and the trial court's order as it concerns postjudgment discovery. We affirm the trial court's award of attorney's fees as sanctions. We deny the Larsons' request for appellate sanctions.