**Affirmed and Memorandum Opinion filed November 22, 2016.**



In The

# Fourteenth Court of Appeals

## NO. 14-16-00016-CV

## IN THE INTEREST OF A.I.F.

**On Appeal from the 311th District Court
Harris County, Texas
Trial Court Cause No. 2012-60338**

## M E M O R A N D U M   O P I N I O N

In this suit affecting the parent-child relationship, Father asked for modification of the order granting Mother sole managing conservatorship of their child A.I.F. and limiting Father's access. The jury found that the order should not be modified to appoint Father as the sole managing conservator or to appoint both parents as joint managing conservators. Father's request for an expanded unsupervised standard possession order was heard by the trial court, and the trial court found that Father's access to the child instead should be further restricted.

Because the record does not support Father's challenges to the judgment, we affirm.

## I. Facts

According to Father, Mother is not biologically related to their son A.I.F., who was conceived by a surrogate. Father and Mother were divorced in November 2013, and Mother was awarded sole managing conservatorship. Father was permitted only supervised visitation for twelve hours each week.

A few months later, Father filed a motion to modify possession and access to the child. The issue of conservatorship was tried to a jury over two or three days, and the jury failed to find that conservatorship should be changed. After Father's request for expanded access was tried to the bench, the trial court rendered final judgment limiting Father's supervised visitation to ten or twelve hours per month. The trial court denied Father's motion for new trial, and Father timely appealed.

## II. Issues Presented

Father presents ten issues for our review, six of which concern the trial of his requests to modify the orders concerning his possession of, and access to, A.I.F. In his first and fourth issues, he asserts that the trial court based its judgment on false or subjective statements or reports by Mother or by counsel. In his third and sixth issues, he argues that the trial court erroneously excluded evidence. In his fifth issue, he complains that the court-appointed amicus attorneys failed to present evidence that he and A.I.F. were emotionally abused, and in his eighth issue, he contends that Mother took A.I.F. out of the country on false pretenses.

Father's remaining four issues concern matters before, after, or incidental to the trial court's judgment on Father's modification requests. In his second issue, he contends that the trial court did not want to hear Father's motion for new trial.

2

He contends in his ninth issue that two court-appointed amicus attorneys charged excessive fees. In his seventh issue, he argues that the associate judge who signed the original divorce decree did not meet the constitutional requirements to be appointed to that position, and in his tenth issue, he challenges the judgment of a California trial court in an unrelated personal-injury case.

In response, Mother contends that this is a frivolous appeal and asks to be awarded damages.

Rather than addressing Father's issues in the order briefed, we begin by considering the issues that would have arisen during the trial of his modification requests. Because the award of amicus attorney's fees is an incidental matter addressed in the same judgment, we will then discuss that issue. After that, we will consider Father's post-trial issue, that is, his complaint about a statement made by the trial court at the hearing on his motion for new trial. We will then address Father's complaints about judgments more removed from the modification order before us, from the divorce decree two years earlier, to a personal-injury suit twenty years earlier. After disposing of Father's issues, we will rule on Mother's request for sanctions.

### III.  Father's Issues Concerning Trial Proceedings

Regarding Father's complaints of (a) allegedly false or subjective statements or reports, (b) evidentiary rulings, (c) the amicus attorneys' failure to present evidence, and (d) Mother's representations concerning A.I.F.'s travel abroad, our disposition of these issues is dictated by the presumption arising from an incomplete reporter's record. Specifically, the reporter's record contains only a transcript of the hearing on Father's motion for new trial and the exhibits from that hearing and from trial.

3

A partial reporter's record sometimes suffices. If the parties have filed a written stipulation agreeing on the contents of a partial record, then we will presume that the agreed record contains "all evidence and filings relevant to the appeal." TEX. R. APP. P. 34.2. The parties also have the option to file an agreed statement of the case. *See* TEX. R. APP. P. 34.3. Even without an agreement between the parties, the appellant can request a partial reporter's record and "include in the request a statement of the points or issues to be presented on appeal and will then be limited to those points or issues." TEX. R. APP. P. 34.6(c)(1). But in the absence of an agreement between the parties or a statement of the appellant's issues to be presented on appeal, "we must presume that the omitted portions of the record are relevant and would support the judgment." *Mason v. Our Lady Star of the Sea Catholic Church*, 154 S.W.3d 816, 822 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

Because the record before us does not contain the parties' agreement to a partial reporter's record, an agreed statement of the case, or a statement of Father's issues to be presented on appeal, we must presume that the material omitted from the record would support the trial court's judgment. *See Bennett v. Cochran*, 96 S.W.3d 227, 229 (Tex. 2002) (per curiam) ("There is no question that, had Bennett completely failed to submit his statement of points or issues, Rule 34.6 would require the appellate court to affirm the trial court's judgment."). Stated differently, we can hold that the trial court reversibly erred only if it made an error of law that probably caused the rendition of an improper judgment or probably prevented Father from properly presenting the case on appeal. *See* TEX. R. APP. P. 44.1(a). Because we cannot review the testimony offered, the arguments and objections made, or the grounds for the trial court's rulings, we cannot say that the trial court erred or that the error was harmful. We instead presume that the omitted

4

portions of the record would show that the factfinders made reasonable credibility determinations; that there were valid reasons for the trial court's evidentiary rulings; that the amicus attorneys fulfilled their duties; and that any errors of law were harmless. We overrule Father's first, third, fourth, fifth, sixth, and eighth issues.

## IV. Amicus Attorney's Fees

Citing Texas Government Code section 36.004(a)(6), Father asserts in his ninth issue that amicus attorney Laura Arteaga charged fees in excess of the $1,000.00 per month approved by the Texas legislature.[1] Section 36.004(a)(6) requires a court clerk to prepare monthly reports on court appointments. *See* TEX. GOV'T CODE ANN. § 36.004(a)(6) (West Supp. 2016). If a person appointed by the court to serve in certain capacities is paid more than $1,000.00 in a month for work on a single appointed case, then the court clerk is to include in the report the available information on the expenses and number of hours billed for the case by the person and the person's employees. *See id.* This provision does not cap an amicus attorney's fees at $1,000.00 per month per appointed case.

Father also states in his brief that "Arteaga has billed more than $22,000 in less than 6 months." He cites no support for this assertion, and the record shows that Arteaga was awarded $7,189.73 for her services in this proceeding. Even if we were to read Father's brief as a complaint that the amount actually awarded was excessive, we would have to presume that the missing portion of the record supports the award. We overrule this issue.

---

[1] Although Father also complains of fees charged by amicus attorney Lorri Grabowski, those fees were awarded in the original divorce decree. This is not an appeal of the 2013 divorce decree, but an appeal of the 2015 modification order.

## V. The Trial Court's Statement at the Post-Judgment Hearing

In Father's second issue, he states, "The trial court wanted this case moved to [the] appeals court and did not want to hear this case for new trial." This complaint is directed toward the trial court's response to a statement made by Father in response to the trial court's denial of Father's motion for new trial. After the trial court excused the litigants, Father said, "Your Honor, my son is suffering the consequences of the decision of this Court." The trial court responded, "Mr. [name omitted], your appropriate remedies now don't lie in this Court. Okay? You're excused. Thank you."

Father does not identify the nature of his complaint about the trial court's words, in which the trial court merely restated—correctly—that all of Father's requests for relief had been ruled upon. We overrule this issue.

## VI. The Original Divorce Decree

In Father's seventh issue, he states, "The trial court erred by allowing Judge Robert E. Newey to sign and preside over cases past . . . his retirement age of 75 according to the Texas Constitution, Article 5, Section 1-a." This statement is followed by a citation to the last page of Father and Mother's divorce decree. The judgment was rendered in the 311th District Court, and was signed by Associate Judge Robert E. Newey on November 22, 2013. Father names a date as Judge Newey's date of birth and asserts that Judge Newey turned 75 before being appointed as Judge Denise Pratt's associate judge in 2011.

The Texas Constitution does indeed state that, with exceptions inapplicable here, "[t]he office of every such Justice and Judge [of an appellate or district court] shall become vacant on the expiration of the term during which the incumbent reaches the age of seventy-five (75) years." TEX. CONST. art. V, § 1-a(1). The Texas Family Code further provides that "to be eligible for appointment as an

6

associate judge, a person must meet the requirements and qualifications to serve as a judge of the court or courts for which the associate judge is appointed." TEX. FAM. CODE ANN. § 201.002 (West 2014). Father does not discuss the result that would follow in this appeal—from a different order signed by a different judge—if Judge Newey's appointment violated these provisions.

But, whether Judge Newey's appointment violated the Texas Constitution or the Family Code depends on his date of birth, which is a question of fact that was not litigated in this case. There is neither a ruling nor any evidence on the subject in the record. Father neither contends that Judge Newey's date of birth is a fact that properly may be judicially noticed nor identifies any source from which such notice is possible. *Cf.* TEX. R. CIV. P. 21c(a)(3) (listing birth dates among the sensitive data that generally must be redacted from material filed with a court). With nothing to review and no relief requested, we overrule this issue.

## VII. The California Personal-Injury Litigation

In his last issue, Father states that a California trial court reached an erroneous judgment in his personal-injury suit based on a rear-end collision in 1994. Because we do not have appellate jurisdiction over the judgment of a trial court in another state, *see* TEX. CONST. art. V, § 6(a), we dismiss this portion of the appeal.

## VIII. Mother's Request for Frivolous-Appeal Damages

If an appellate court determines that an appeal is frivolous, it may award just damages to a prevailing party. *See* TEX. R. APP. P. 45. Mother argues that this appeal is frivolous and brought in bad faith, and she asks that we award her reasonable damages.

7

We decide whether an appeal is frivolous by reviewing the record from the advocate's viewpoint to objectively determine whether the advocate had a reasonable basis to believe the cause could be reversed. *See Glassman v. Goodfriend*, 347 S.W.3d 772, 782–83 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (en banc). Even if we determine an appeal is frivolous, an award of damages is discretionary. *Id.* Generally, we award such sanctions "only in truly egregious circumstances." *Sintim v. Larson*, 489 S.W.3d 551, 559 (Tex. App.–Houston [14th Dist.] 2016, no pet.).

We have considered the record, briefs, and motions on file in this case, and in keeping with our practice of prudently and cautiously exercising our discretion to sanction, we overrule Mother's request and award no damages.

## IX.  Conclusion

For the foregoing reasons, we affirm the trial court's judgment, dismiss Father's attempted appeal of a California judgment, and deny Mother's request for Rule 45 sanctions.


/s/     Tracy Christopher
        Justice


Panel consists of Justices Boyce, Christopher, and Brown.