**Petition for Writ of Mandamus Denied and Memorandum Opinion filed January 5, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-01001-CV

### IN RE JACK COREY AND COREY SUPPLY, Relators

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**506th District Court**
**Grimes County, Texas**
**Trial Court Cause No. 31919**

## MEMORANDUM OPINION

On December 28, 2017, relators Jack Corey and Corey Supply filed a petition for writ of mandamus in this court. *See* Tex. Gov't Code Ann. § 22.221 (West Supp. 2017); *see also* Tex. R. App. P. 52. In the petition, relators ask this court to compel the Honorable Albert M. McCaig, Jr., presiding judge of the 506th District Court of

Grimes County, to vacate the order he signed on December 11, 2017. This order, (1) grants the motion for sanctions filed by real parties-in-interest Johnathan L. Rankin and RAMS Aviation Company, Inc. ("Plaintiffs"); and (2) directs relators to pay Plaintiffs their reasonable and necessary attorney's fees of $1,340 incurred by Plaintiffs in connection with the deposition of Jack Corey at which he failed to appear (the "Sanctions Order").

To obtain mandamus relief, a relator generally must show that relator has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). "When an order of monetary sanctions is issued as part of post-judgment discovery proceedings, a challenge to the monetary sanctions properly may be reviewed by appeal." *Sintim v. Larson*, 489 S.W.3d 551, 557 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (citing *Arndt v. Farris*, 633 S.W.2d 497, 500 n. 5 (Tex. 1982) and *Bahar v. Lyon Fin. Servs., Inc.*, 330 S.W.3d 379, 388 (Tex. App.—Austin 2010, pet. denied)). Because the Sanctions Order awarding monetary sanctions is a final order that may appealed, relators have an adequate remedy by appeal.[1]

Accordingly, we deny relators' petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Boyce, Jamison, and Brown.

---

[1] We express no opinion as to whether the Sanctions Order was erroneous or an abuse of discretion.

2