**Dismissed and Memorandum Opinion filed August 2, 2018.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00541-CV

---

## RIGOBERTO CEPEDA AND DAVID LORENZA JOYNER, Appellants

### V.

## VINCENT RODRIGUEZ, REYES CEPEDA, LUIS ZEPEDA, LINDA STOREY, AND DALE GORCZYNSKI, Appellees

---

**On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2017-59655**

---

## M E M O R A N D U M   O P I N I O N

This is an attempted appeal from an order granting defendants Justice of the Peace Dale Gorczynski and County Civil Court at Law No. 3 Judge Linda Storey's Motion to Dismiss and/or Plea to the Jurisdiction. Appellants filed an original petition against Vincent Rodriguez, Reyes Cepeda, and Luis Zepeda complaining of legal malpractice, intentional infliction of emotional distress, and fraud. The original petition was later amended to add Judges Linda Storey and Dale Gorczynski. Judges

Storey and Gorczynski filed a plea to the jurisdiction alleging immunity from suit, which was granted.

The judgment is not final because it does not dispose of appellants' claims against defendants Vincent Rodriguez, Reyes Cepeda, and Luis Zepeda. Generally, appeals may be taken only from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). When orders do not dispose of all pending parties and claims, the orders remain interlocutory and unappealable until final judgment is rendered unless a statutory exception applies. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding).

On July 10, 2018, notification was transmitted to the parties of this court's intention to dismiss the appeal for want of jurisdiction unless appellants filed a response demonstrating grounds for continuing the appeal on or before July 20, 2018. *See* Tex. R. App. P. 42.3(a). Appellants filed a response in which they argue the trial court's interlocutory order is void; therefore, this court may review the order even if it is not final. Appellants' response fails to demonstrate that this court has jurisdiction over the appeal. "Even if a trial court signs an interlocutory order that is void for lack of jurisdiction, this court still has no jurisdiction to entertain an interlocutory appeal from that order absent statutory authority." *Sintim v. Larson*, 489 S.W.3d 551, 556 (Tex. App.—Houston [14th Dist.] 2016, no pet) (quoting *Young v. Villegas*, 231 S.W.3d 1, 6 (Tex. App.—Houston [14th Dist.] 2007, pet. denied)).

Accordingly, the appeal is ordered dismissed.

PER CURIAM

Panel consists of Justices Boyce, Christopher, and Busby.

2