Opinion issued June 10, 2025



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-25-00078-CV

_____

**RACHEL FOREMAN, Appellant**

**V.**

**TEXAS INDEPENDENCE PLAZA, LLC, Appellee**

---

**On Appeal from the County Court at Law No. 3**
**Fort Bend County, Texas**
**Trial Court Case No. 23-CCV-072468**

---

## MEMORANDUM OPINION

On January 18, 2024, the trial court entered an agreed judgment in accordance with the parties' settlement agreement. The agreed judgment provides that it "finally disposes of all parties and all claims and is not appealable." On January 17, 2025, the trial court issued an order granting appellee's Motion to Enforce Agreed

Judgment and Award Judgment for Possession in Accordance with Settlement Agreement. The order granted appellee a writ of execution on the agreed judgment and a judgment for possession of the premises leased by appellant. On the same day, the trial court signed an order granting appellee's Motion to Transfer Custody of Patient Records. According to appellee's motion, appellant abandoned the patient records and an order allowing the records to be transferred to a qualified custodian was necessary because (1) appellee is not a qualified records custodian and (2) the presence of the records prevented appellee from reletting the office space from which appellant was evicted.

On January 31, 2025, appellant filed a notice of appeal seeking to appeal the January 17, 2025 Order Granting Motion to Transfer Custody of Patient Records. Appellee filed a motion seeking to dismiss the appeal as moot, averring that the trial court subsequently voided its signature on the challenged order. But before reaching the issue of mootness, we first consider whether the order is even appealable. Concluding that it is not, we dismiss the appeal for lack of jurisdiction.

Generally, an appellant may only appeal from "a final judgment or certain interlocutory orders expressly made appealable by statute." *Sunnyland Dev., Inc. v. Shawn Ibrahim, Inc.*, 597 S.W.3d 1, 2 (Tex. App.—Houston [1st Dist.] 2020, no pet.); *see Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Here, the order appellant seeks to appeal is a post-judgment order rendered for the purpose of

enforcing or carrying out a prior judgment. "[W]hen a final judgment exists, a subsequent order that has no effect except to enforce provisions of the judgment does not qualify as another final judgment subject to appeal." *McFadin v. Broadway Coffeehouse*, LLC, 539 S.W.3d 278, 284 (Tex. 2018). "Orders made for the purpose of enforcing or carrying into effect an already-rendered judgment generally are not final judgments or decrees, and therefore cannot be appealed." *Sintim v. Larson*, 489 S.W.3d 551, 556 (Tex. App.—Houston [14th Dist.] 2016, no pet.). Although courts have recognized that certain limited classes of post-judgment orders are appealable, the trial court's order transferring custody of records in this case does not fall within any of those classes. *See*, *e.g.*, *Burns v. Miller, Hiersche, Martens & Hayward, P.C.*, 909 S.W.2d 505, 506 (Tex. 1995) (turnover orders are final and appealable).

"An appeal from a post-judgment order that is not appealable must be dismissed for lack of jurisdiction." *Sunnyland*, 597 S.W.3d at 3. Because the order at issue in this appeal is not appealable, the Court issued an order notifying the parties that this appeal was subject to dismissal for want of jurisdiction unless a response was filed demonstrating grounds for continuing the appeal. *See* TEX. R. APP. P. 42.3(a) (allowing involuntary dismissal of case after notice). Appellant responded to our order but failed to demonstrate that our Court has jurisdiction to consider this appeal.

We dismiss this appeal for lack of jurisdiction. Any pending motions are dismissed as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Caughey and Johnson.