**Opinion filed September 18, 2025**



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00220-CV

_____

## RYAN DRILLING, LLC D/B/A O'RYAN DRILLING AND RYAN HOERAUF, Appellants

## V.

## B&R DOWNHOLE SERVICES, LLC, Appellee

**On Appeal from the 161st District Court**

**Ector County, Texas**

**Trial Court Cause No. B-1705-0594-CV**

### M E M O R A N D U M   O P I N I O N

In this appeal from a postjudgment discovery orders, Appellants, Ryan Drilling, LLC d/b/a O'Ryan Drilling (Ryan Drilling) and Ryan Hoerauf, complain that the trial court erred when it awarded monetary sanctions against them. We conclude that there is no evidence in the record to support the trial court's

determination that Ryan Drilling and Hoerauf have engaged in sanctionable conduct, and that the trial court therefore abused its discretion. On that basis, we reverse and render judgment that Appellee, B&R Downhole Services, LLC (B&R), take nothing against Ryan Drilling and Hoerauf on its motion for sanctions.

*Factual and Procedural Background*

B&R filed suit against Ryan Drilling in May 2017, seeking to recover damages on a sworn account. Approximately two months later, Ryan Drilling answered the lawsuit with a general denial. After a lengthy period of inactivity, B&R moved for summary judgment on its claims. The trial court then rendered a judgment in favor of B&R for $102,387.15 plus attorneys' fees in the amount of $9,940.

Following the entry of judgment, B&R served postjudgment interrogatories and requests for production on Ryan Drilling. *See* TEX. R. CIV. P. 621a. After Ryan Drilling failed to respond to the requests, B&R filed a motion to compel. The trial court granted the motion and ordered Ryan Drilling to respond to the written discovery requests within one week of its order of March 9, 2023.

Thereafter, in an unsworn motion for sanctions dated April 5, 2023, B&R advised the trial court that Ryan Drilling had "ignored the Court's order and has not supplied any responses." B&R requested that the court impose sanctions against Ryan Drilling pursuant to Rule 215 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 215.

The trial court granted B&R's motion on April 21, 2023, and ordered Ryan Drilling to comply with its order to respond to the discovery requests within seven days thereafter. The trial court also held Ryan Drilling in contempt, requiring it to pay a fine of $25,000 to the district clerk.

2

On May 22, 2023, B&R filed a second unsworn motion for sanctions, alleging that Ryan Drilling had failed to comply with the trial court's orders of March 9, 2023 and April 21, 2023. B&R's second motion did not indicate that B&R was seeking additional sanctions against Ryan Drilling. Instead, it sought an order of sanctions against Jeff Phillips and Hoerauf, whom it alleged were officers of Ryan Drilling. No documents or affidavits were attached to B&R's second motion.

After Phillips and Hoerauf were served with the second motion, the trial court conducted a hearing that lasted approximately fifteen minutes. At the outset of the hearing, the trial court informed counsel for Appellants that "I am going to sanction the hell out of [Hoerauf and Phillips]. So why don't you tell me why I shouldn't." During the course of the hearing, counsel for each of the parties indicated that Ryan Drilling had responded to the discovery at issue. However, counsel for B&R indicated that some of the responses were inadequate, and that Ryan Drilling was still in violation of the order because it had failed to pay attorney's fees.

It also appears that, during the course of the hearing, the trial court examined several discovery responses that had been made by Ryan Drilling. However, no witnesses testified at the hearing, and no documents were entered into evidence. We also note that none of B&R's postjudgment requests for discovery are included in the appellate record, nor does the record contain any responses to such requests.[1] Likewise, there is no evidence in the record indicating the amount of attorney's fees that were incurred by B&R in bringing any of its motions.

---

[1]Attached to B&R's brief are two documents purporting to contain its discovery requests and the responses thereto. However, these documents are not in the record that was before the trial court when it rendered sanctions against Ryan Drilling and Hoerauf. Because these documents are not part of the appellate record, we cannot and do not consider them. *See Children of the Kingdom v. Central Appraisal Dist. of Taylor Cnty.*, 674 S.W.3d 407, 415 n.3 (Tex. App.—Eastland 2023, pet. denied).

Following the hearing, the trial court rendered two orders. In its first order, the trial court required Phillips, Hoerauf, and Ryan Drilling to pay $1,563 in attorney's fees to B&R arising out of B&R's initial motion to compel. The first order also required Phillips, Hoerauf, and Ryan Drilling to pay $3,935.40 in attorney's fees to B&R in connection with what appears to be the first motion for sanctions against Ryan Drilling.[2]

In its second order, the trial court required Phillips and Hoerauf to pay $14,860 in attorney's fees to B&R in connection with the second motion for sanctions. This appeal followed.

*Analysis*

In their first and second issues, Ryan Drilling and Hoerauf[3] complain that the trial court abused its discretion when it rendered the two orders against them.

As a general rule, postjudgment orders are not subject to appeal. *Sintim v. Larson*, 489 S.W.3d 551, 556 (Tex. App.—Houston [14th Dist.] 2016, no pet.). However, an aggrieved party may appeal from a postjudgment order granting monetary sanctions if such sanctions have been reduced to judgment and execution has been authorized thereon. *Arndt v. Farris*, 633 S.W.2d 497, 500 n.5 (Tex. 1982). Consistent with this principle, Ryan Drilling and Hoerauf have limited their appeal to the issue of whether monetary sanctions were properly issued against them.

---

[2]The order relates the payment of $3,935.40 in attorney's fees to a previous order on a motion for sanctions against Ryan Drilling that was purportedly entered on March 21, 2023. However, B&R's motion for sanctions against Ryan Drilling was not filed until April 5, 2023, and the order granting the same motion was signed and filed on *April* 21, 2023.

[3]Phillips is not a party to this appeal.

We review the trial court's orders of sanctions for an abuse of discretion. *Brewer v. Lennox Hearth Prods*., LLC, 601 S.W.3d 704, 717 (Tex. 2020); *see also Dipprey v. Double Diamond, Inc*., 637 S.W.3d 784, 811 (Tex. App.—Eastland 2021, no pet.). A trial court abuses its discretion when it acts arbitrarily or unreasonably or without regard to guiding rules and principles. *Dipprey*, 637 S.W.3d at 811. A trial court does not abuse its discretion in levying sanctions if some evidence supports its decision. *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 361 (Tex. 2014) (citing *Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 97 (Tex. 2009)).

"[P]leading allegations are not evidence." *CHRISTUS Health Gulf Coast v. Carswell*, 505 S.W.3d 528, 540 (Tex. 2016). Furthermore, "an imposition of sanctions cannot be based merely on a party's bald assertions." *Glob. Servs., Inc. v. Bianchi*, 901 S.W.2d 934, 938 (Tex. 1995). Rather, "[t]here must be some evidence to show an abuse of discovery before sanctions can be imposed." *Id.* Thus, "[a] trial court has no discretion to impose sanctions in the absence of sufficient *record* evidence." *Abdelrazzaq v. Aljarad*, No. 04-07-00532-CV, 2008 WL 4597399, at *3 (Tex. App.—San Antonio Oct. 15, 2008, no pet.) (mem. op.) (emphasis added) (citing *Bianchi*, 901 S.W.2d at 938).

In this case, it appears that the trial court ordered monetary sanctions against Ryan Drilling based on its alleged ongoing failure to respond to discovery requests.[4] It also rendered sanctions against Hoerauf based on his alleged responsibilities in facilitating such discovery.

---

[4]The second motion did not seek any relief from Ryan Drilling itself. However, Ryan Drilling does not raise any issues on appeal arising out of the apparent inconsistency between the relief sought in the motions and the relief that was awarded in the orders at issue.

Our rules of civil procedure provide that "[i]f a party or an officer . . . of a party . . . fails to comply with proper discovery requests or to obey an order to provide or permit discovery . . . the court . . . may . . . make such orders in regard to the failure as are just." TEX. R. CIV. P. 215.2(b). "[W]hether an imposition of sanctions is just is measured by two standards." *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991).

"First, a direct relationship must exist between the offensive conduct and the sanction imposed." *Id.*; *Jurgens v. Martin*, 631 S.W.3d 385, 404 (Tex. App.— Eastland 2021, no pet.). This means that the sanction must be directed against the abuse and toward remedying the abuse by securing compliance. *TransAmerican*, 811 S.W.2d at 917. It also means that the "sanction should be visited upon the offender." *Id.* Thus, the court must determine whether the offensive conduct is attributable "to counsel only, or to the party only, or to both." *Id.*

As a second consideration, "just sanctions must not be excessive." *Id.*; *Jurgens*, 631 S.W.3d at 404. Thus, the sanction "should be no more severe than necessary to satisfy its legitimate purposes." *TransAmerican*, 811 S.W.2d at 917.

The requests that are the subject of the motion are not in the record. Likewise, there is no evidence in the record that, prior to service of the motion for sanctions, Hoerauf was even aware of the requests. There is likewise no evidence of if or when any responses were served, nor were any such responses included in the record before the trial court. There is no evidence that would assist identifying the persons, if any, that were responsible for responding to the requests, much less an indication of who is an "offender" in connection with Ryan Drilling's failure to respond. In short, there is no basis on which the trial court could determine the reasons for Ryan Drilling's failure to respond, whether there is a direct relationship between any

6

wrongful conduct and the sanction imposed, or whether the sanctions are not excessive.

Instead of basing its determination of the motions for sanctions on the record (or lack thereof), the trial court rendered sanctions against Ryan Drilling and Hoerauf based on the say-so of counsel for B&R. Such "bald assertions" are insufficient to support a finding of sanctionable conduct. *Bianchi*, 901 S.W.2d at 938. As such, the trial court abused its discretion when it sanctioned Ryan Drilling and Hoerauf.

We sustain Appellants' first and second issues. We reverse the awards of sanctions against Ryan Drilling and Hoerauf and render judgment that B&R take nothing in connection with its request for monetary sanctions against those parties. *See CHRISTUS*, 505 S.W.3d at 540–41 (noting that remand is not appropriate if there is no evidence that supports the sanctions).

*Attorney's Fees*

The sanctions that were imposed against Ryan Drilling and Hoerauf were the payment of B&R's attorney's fees. Because we have determined that the trial court erred in its determination that Ryan Drilling and Hoerauf engaged in sanctionable conduct, we need not (and do not) reach Appellants' third issue, which complains that there is no evidence demonstrating the reasonableness of the attorney's fees at issue. We note, however, that, just as the record must support a determination that a party has engaged in sanctionable conduct, the record must also support the reasonableness of any attorney's fees that are awarded as sanctions. *See Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 487 (Tex. 2019) ("[T]he prevailing party must prove that: (1) recovery of attorney's fees is legally authorized,

and (2) the requested attorney's fees are reasonable and necessary for the legal representation.").

*This Court's Ruling*

We reverse the awards of monetary sanctions against Ryan Drilling and Hoerauf, and render judgment that B&R take nothing in connection with its request for monetary sanctions against those parties.[5]

JOHN M. BAILEY
CHIEF JUSTICE

September 18, 2025

Panel consists of: Bailey, C.J.,
Williams, J., and Wright, S.C.J.[6]

Trotter, J., not participating

---

[5]Because Phillips is not a party to this appeal, the awards of sanctions against him remains unaffected by our judgment. *See Plas-Tex, Inc. v. U.S. Steel Corp.*, 772 S.W.2d 442, 446 (Tex. 1989) ("Generally, when one party appeals from a judgment, a reversal as to that party will not justify a reversal as to other nonappealing parties.").

[6]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.