**Affirmed and Memorandum Opinion filed December 30, 2025.**



In The

# Fifteenth Court of Appeals

### NO. 15-25-00119-CV

**JEANETTE JIMMERSON OF THE TEXAS MILITARY DEPARTMENT – TEXAS STATE GUARD; DARREN FITZ GERALD OF THE TEXAS STATE MILITARY – TEXAS STATE GUARD; JOE CAVE OF THE TEXAS MILITARY DEPARTMENT – TEXAS STATE GUARD; AND TEXAS MILITARY DEPARTMENT – TEXAS STATE GUARD, Appellants**

**V.**

**SAN JUANITA MEDELES, Appellee**

**On Appeal from the 459th District Court
Travis County, Texas
Trial Court Cause No. D-1-GN-24-000896**

### MEMORANDUM OPINION

Appellants Jeannette Jimmerson, Darren Fitz Gerald, and Joe Cave of the Texas Military Department – Texas State Guard appeal from the Travis County district court's order overruling Appellants' second plea to the jurisdiction, in which Appellants argued that Appellee San Juanita Medeles's *ultra vires* claims were moot

following a change of her discharge status to one not requiring a court martial conviction. Because this change to Medeles's discharge status does not resolve her specific requests for declaratory and injunctive relief, we conclude that Medeles's claims are not moot and affirm the trial court's order.

## BACKGROUND

San Juanita Medeles was discharged from the Texas State Guard ("TXSG") in December 2022 with an "Other than Honorable" status. Under TXSG Regulation 600-10, an "Other than Honorable" discharge "may only be given to a member [of the Texas State Guard] upon conviction by a general court-martial . . . .". The other two discharge classes under TXSG regulations—"Honorable" and "Administrative"[1]—do not mention a requirement for a general court-martial conviction. Though Medeles received an other-than-honorable discharge, she was not convicted by a general court-martial. In addition, Medeles received a re-enlistment code of "RE-4" under TXSG regulations, meaning that she would be ineligible for re-entry to TXSG without a waiver.

In February 2024, Medeles filed suit against the Texas Military Department ("TMD") and three personnel—Jimmerson, Fitz Gerald, and Cave (collectively, "Appellants")—in Travis County district court, alleging that Appellants acted *ultra vires* by improperly investigating and discharging her in violation of TXSG regulations. Medeles also claimed retaliation, libel, and tortious interference of her employment contract. Appellants filed a plea to the jurisdiction, which the trial court granted in part and denied in part. Specifically, the trial court dismissed Medeles's retaliation, libel, and tortious interference claims, leaving only her *ultra vires* claims.

---

[1] The "Administrative" discharge status may be "given under honorable or dishonorable conditions depending on the circumstances."

In April 2025, Fitz Gerald approved an official change to Medeles's discharge status to "Administrative Under Dishonorable Conditions," a status that does not require a court-martial conviction. However, TXSG's Readiness Management Software ("RMS") does not have an option to choose "Administrative." Instead, Medeles's discharge status in RMS was changed to "General," which Fitz Gerald referred to as the "closest approximation." Medeles remained ineligible for re-entry to TXSG without a waiver.

After the change to her discharge status, Medeles filed her Fourth Amended Petition, the live petition in this case, which includes only the *ultra vires* claims. Medeles alleges that each of the Appellants committed separate *ultra vires* acts: (1) Jimmerson "overstepped her authority in questioning [Medeles's] actions in a hostile manner, despite lacking any supervisory or command authority over" Medeles, (2) Fitz Gerald initiated the investigation without the requisite authority and improperly discharged Medeles without a court-martial conviction, and (3) Cave improperly upheld the discharge decision. Medeles's requests for declaratory and injunctive relief include a declaration that Appellants acted outside the scope of their authority, Medeles's reinstatement to TXSG, and the dismissal of her "General" discharge status, requesting specifically:

> (i) A DECLARATION that Defendants [Jimmerson], Fitzgerald [sic], and [Cave] acted outside the scope of their lawful authority in initiating and effectuating Plaintiff's discharge in violation of TXSG Regulation 600-10, para. 7-4.C., which requires a general-court martial for an 'Other Than Honorable' discharge;
>
> . . .
>
> (iii) A DECLARATORY JUDGMENT AND EQUITABLE ORDER directing that Plaintiff be reinstated to her prior role or an equivalent position within the Texas Military Department, with full restoration of her employment status, seniority, and service record, as if the unlawful discharge had not occurred;

. . .

> (vi) AN ORDER directing the immediate dismissal and nullification of Plaintiff's current discharge classification, including any 'General' or 'Involuntary – CDI' designations, as unauthorized and in violation of TXSG regulations;

> (vii) A DECLARATORY JUDGEMENT AND EQUITABLE ORDER restoring Plaintiff to active duty status within the Texas State Guard, without prejudice, and with recognition of continuous service and benefits, as if no unlawful discharge had occurred;

> . . . .

Medeles maintains that "[i]njunctive relief reversing the wrongful other-than-honorable discharge, potentially resulting in Plaintiff's reinstatement at the TMD, would adequately redress the injury." She also asserts the change to her discharge status violates TXSG regulations, which further "support[s] her ultra vires claim and demonstrate[s] a continuing failure by TXSG personnel to comply with established regulations."

In response, Appellants filed their second plea to the jurisdiction, arguing that the remaining *ultra vires* claim became moot after the change to her discharge status. The district court overruled the plea, stating:

> After considering the pleadings and arguments of counsel, the Court FINDS that Plaintiff was given a type of discharge that under the [TXSG] Regulations requires a court-martial. Instead, Defendants now attempt to moot this case by purporting to change the type of discharge to one that does not require a court-martial. That change, however, is of a type that is not recognized by the Regulations, and it leaves Plaintiff with a discharge that even Defendants' own electronic records system does not recognize.

Appellants appealed to the Third Court of Appeals, which transferred the case to this Court. *Jimmerson v. Medeles*, No. 03-25-00360-CV, 2025 WL 1839912, at *1 (Tex. App.—Austin July 3, 2025, no pet.) (per curiam) (mem. op.).

4

Appellants argue that Medeles's remaining *ultra vires* claims are moot due to the change in her discharge status from "Other than Honorable" to "Administrative Under Dishonorable Conditions." Medeles responds that (1) Appellants' appeal is jurisdictionally defective under Section 51.014(c) of the Texas Civil Practice and Remedies Code, (2) her *ultra vires* claims are not moot, and (3) Appellants' appeal is frivolous and warrants sanctions. We disagree with Medeles's argument that the appeal is jurisdictionally defective. We also hold that Medeles's *ultra vires* claims are not moot. Finally, we deny Medeles's request for sanctions.

## I. This Appeal is Not Jurisdictionally Defective under Section 51.014(c) of the Texas Remedies Code.

As a threshold matter, Medeles asserts that this appeal is jurisdictionally defective because it was not filed within the 180-day deadline after Appellants' answer to the petition pursuant to Section 51.014(c) of the Texas Civil Practices and Remedies Code. This assertion is incorrect. The 180-day deadline refers to whether an appeal for the denial of a plea to the jurisdiction automatically stays the trial court proceedings. Tex. Civ. Prac. & Rem. Code § 51.014(c)(2). It is not a deadline for filing the appeal. Because Section 51.014(a)(8) of the Code grants Appellants a statutory right to appeal a denial of their second plea to the jurisdiction, the matter is properly appealed to this Court. *See id*. § 51.014(a)(8).

## II. Mootness

### A. Standard of Review

"A case becomes moot if, since the time of filing, there has ceased to exist a justiciable controversy between the parties—that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome." *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012). "Put simply, a case

is moot when the court's action on the merits cannot affect the parties' rights or interests." *Id*.

A case can be moot upon its filing or at any time during the pendency of the litigation, including on appeal. *State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018). When a case becomes moot, the court loses jurisdiction to decide the case because any decision would constitute an impermissible advisory opinion. *Id*.; *Heckman*, 369 S.W.3d at 162. Once a case becomes moot, the court must vacate any order or judgment previously issued and dismiss the case for want of jurisdiction. *Heckman*, 369 S.W.3d at 162. Mootness is a question of law that we review *de novo*. *Id*. at 150.

## B. Medeles's *Ultra Vires* Claims are Not Moot.

Appellants argue that Medeles's *ultra vires* claims are moot because there is no longer a justiciable controversy. Appellants assert that the basis for Medeles's injury is the lack of a court-martial conviction when her initial discharge status was other-than-honorable. Appellants contend that changing Medeles's discharge status to "Administrative," a status that does not require a court-martial conviction, moots any live claim on which she may receive injunctive or declaratory relief. Medeles responds that she is still entitled to prospective relief to remedy Appellants' *ultra vires* acts against her. Medeles asserts that her *ultra vires* claims remain justiciable because her re-enlistment code of "RE-4" bars her from re-entry into TXSG, which continues to "damage her reputation, employment prospects, and military eligibility."

Medeles's *ultra vires* claims are not moot. Medeles seeks not only a declaration that her other-than-honorable discharge was improper, but also injunctive relief in the form of her reinstatement to TXSG and the dismissal of her "General" discharge status in RMS. *See Meeker v. Tarrant Cnty. Coll. Dist.*, 317

S.W.3d 754, 759–763 (Tex. App.—Fort Worth 2010, pet. denied) (reviewing each request for relief to determine if an appeal was rendered moot). Had Medeles's sole request for relief been the removal of Medeles's other-than-honorable discharge, we might have concluded that a decision from this Court would not affect Medeles's rights or interests. *See Tex. Parks and Wildlife Dep't v. RW Trophy Ranch, Ltd.*, 712 S.W.3d 943, 953 (Tex. App.—15th Dist. 2025, [mand. denied]) (explaining that a claim was moot because "the majority" of the relief sought aimed at "saving [appellee's] herd of captive bred deer from senseless slaughter," and that the court's decision could no longer save the herd from depopulation); *see also City of Kyle v. State*, No. 15-24-00011-CV, 2025 WL 3029094 at *1–2 (Tex. App.—15th Dist. October 30, 2025, no pet. h.) (mem. op.) (explaining that a claim was moot because the relief sought was aimed at invalidating an ordinance that had been revoked during litigation). However, the change in status alone does not resolve the requests for reinstatement and the dismissal of the "General" discharge status, and the trial court's decision on the merits could still affect Medeles's rights and interests.

In addition, Appellants do not address the *ultra vires* claims for the alleged conduct apart from the discharge itself. Medeles claims that Jimmerson acted *ultra vires* by questioning Medeles without the proper authority. Medeles also claims that Fitz Gerald acted *ultra vires* by initiating the investigation without authority.

Our conclusion is reinforced by the uncertainty of Medeles's current discharge status. The other-than-honorable status was replaced in RMS with a "General" status, which does not appear to be an official discharge status under TXSG regulations. Though Fitz Gerald referred to this status as RMS's "closest approximation" to "Administrative," we agree with the trial court that it is still unclear what the current official status of Medeles's discharge is. For these reasons,

we conclude that Medeles's *ultra vires* claims are not moot.

### C. Appellants Have Not Demonstrated that All Requested Relief Falls Outside the UDJA.

In their reply brief, Appellants argue that all of the declaratory relief sought by Medeles falls outside the scope of the UDJA and such relief would not resolve any existing controversy. Appellants note that Medeles seeks "a declaration that [Appellants] acted outside of the scope of their authority in discharging [Medeles], that 'the entire process' of [Medeles's] discharge from TMD was retaliatory, and a declaration that [Medeles] be reinstated to TMD with full restoration of [Medeles's] rank and service record," and that Medeles seeks this relief as a cure to the alleged improper discharge. Appellants contend that Medeles does not cite anything in the record that suggests "she was under contract with TMD at the time of her discharge," and that "any declaratory judgment she seeks is not proper under the UDJA because she has not asked the Court to clarify her rights with regards [sic] to any contractual relationship with TMD identified in the record." Medeles responds that the lack of "contractual nexus" does not place her requested relief outside the scope of the UDJA.

The purpose of the UDJA is "to settle and to afford relief from uncertainty and insecurity with respect to rights, status, and other legal relations; and it is to be liberally construed and administered." Tex. Civ. P. & Rem. § 37.002(b). The UDJA provides:

> A person interested under a deed, will, written contract, or other writings constituting a contract *or whose rights, status, or other legal relations are affected by a* statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations

thereunder.

*Id*. § 37.004(a) (emphasis added).

UDJA relief is not limited to contractual disputes; relief may also involve a person's "rights, status or other legal relations" that are "affected by a statute." Tex. Civ. P. & Rem. Code § 37.004(a). Medeles's requested relief includes her reinstatement with TMD and restoration to active duty status in TXSG. While not contractual matters, these requests involve the effect of relevant laws and TXSG regulations on Medeles's rights, status, and legal relations with TMD. Medeles may seek a declaration of those rights, status and legal relations pursuant to a proper construction of the TXSG regulations. Thus, the lack of a "contractual nexus" does not make recovery under the UDJA improper. Requests for prospective declaratory and injunctive relief with respect to *ultra vires* claims can be appropriate under the UDJA. *See City of El Paso v. Heinrich*, 284 S.W.3d 366, 370, 380 (Tex. 2009). Accordingly, we hold that Medeles's requested relief does not fall outside the UDJA.

## III.    Sanctions are Not Warranted.

Medeles also requests this Court to assess sanctions against Appellants for their appeal. Medeles asserts that that the appeal is frivolous and was filed "after dispositive motions were pending and trial was imminent, with no legal basis for delay." Rule 45 of the Texas Rules of Appellate Procedure allows an appellate court, upon its determination that an appeal is frivolous, to award "just damages" to the prevailing party. Although imposing sanctions is within an appellate court's discretion, it should only be done in "truly egregious circumstances." *Sintim v. Larson*, 489 S.W.3d 551, 559 (Tex. App.—Houston [14 Dist.] 2016, no pet.). Though Appellants do not succeed on their mootness issue, this appeal is not "egregious." Further, we are not persuaded that Appellants' appeal was only a tactic to delay trial when the record does not indicate that a trial date has been set. Thus,

9

we deny Medeles's request for sanctions.

## CONCLUSION

We affirm the district court's overruling of Appellants' second plea to the jurisdiction. We deny Medeles's request for sanctions.

/s/ April Farris
April Farris
Justice

Before Chief Justice Brister and Justices Field and Farris.