**Robert Louis QUALIA, Appellant,**

v.

**Thomas M. QUALIA and John Qualia, Appellee.**

No. 04–00–00471–CV.

Court of Appeals of Texas, San Antonio.

Jan. 3, 2001.

Bart W. Huffman, Moulton S. Dowler, Jr., Samuel H. Bayless, Gresham, Davis, Gregory, Worthy & Moore, P.C., San Antonio, for appellant.

James L. Drought, Drought, Drought & Bobbitt, L.L.P., San Antonio, for appellee.

Sitting: PAUL W. GREEN, Justice SARAH DUNCAN, Justice KAREN ANGELINI, Justice.

Opinion by PAUL W. GREEN, Justice.

Appellant Robert Louis Qualia (Robert) appeals the issuance of a Request for In-

ternational Judicial Assistance [1] (the Request) from the 63rd Judicial District Court of Val Verde County to the Civil Judicial Court of Cuidad Acuña, Coahuila, Mexico. Appellees, Thomas M. Qualia and John Qualia, filed a motion to dismiss, asserting this court has no jurisdiction to hear the appeal. We agree and grant the motion to dismiss.

Thomas and John equate the Request issued by the District Court to a writ of execution which is not subject to review on appeal. Robert argues the Request is more in the nature of a turnover order which may be appealed.

■ A writ of execution and orders incident to such a writ are not generally considered to be appealable orders. *Schultz v. Fifth Judicial Dist. Court of Appeals*, 810 S.W.2d 738, 740 (Tex.1991); *Gonzales v. Daniel*, 854 S.W.2d 253, 255–56 (Tex.App.—Corpus Christi 1993, no writ). By contrast, a turnover order is analogous to a mandatory injunction. *Schultz*, 810 S.W.2d at 740. It requires a factual showing of non-exempt property owned by the debtor and may issue against not only the judgment debtor, but also against third parties. *Id.* Because a turnover order "resolve[s] the property rights issues and act[s] as a mandatory injunction as to the judgment debtor ... and [a third party] receiver," it may be appealed.[2] *In re L.A.M. & Assoc.*, 975 S.W.2d 80, 84 (Tex.App.—San Antonio 1998, no pet.) (quoting *Schultz*, 810 S.W.2d at 738, 740).

Robert argues that in entering the Request, the trial court made new findings of fact regarding his ownership of certain property located in Mexico. We disagree. The first five categories of items listed in the Request are specifically addressed in the Amended Judgment. At the hearing in which Robert contested the issuance of the Request, the trial judge stated he would only list those items of property on which he previously ruled as to ownership. He then directed the parties to agree on the properties where ownership had been established. So far as the record shows, the trial court made no new findings of fact in conjunction with the entry of the Request.

■ The Request is simply a method for enforcing the Texas judgment in Mexico through a process similar to a writ of execution.[3] It does not require action by Robert or any third party property holder. We need not determine whether the Request for Judicial Assistance is an appropriate vehicle for enforcement of the judgment in Mexico. That is for the courts of Mexico to determine. We need only consider whether the trial court has the authority to issue such an order in aid of enforcement and execution of its judgment. Clearly, it has such authority. *See Arndt v. Farris*, 633 S.W.2d 497, 499 (Tex. 1982) (court may employ suitable methods to enforce its judgment); *Greiner v. Jameson*, 865 S.W.2d 493, 499 (Tex.App.—Dallas 1993, writ denied) (court may issue such orders as necessary to enforce its judgment).

■ Accordingly, we hold the issuance of a Request for International Judicial Assistance under the circumstances present here is not subject to appeal. We grant the appellees' motion and dismiss the appeal for lack of jurisdiction.

---

1. The appellees also refer to the Request as a letter rogatory.

2. We take judicial notice that Robert previously appealed to this court a turnover order issued to enforce the underlying judgment in this case.

3. For example, the Request directs the official executing the Request to notify Robert so that he may be present when the execution is carried out and point out non-exempt property he wishes to be sold first to satisfy the judgment against him. This right is accorded to a judgment debtor under a regular writ of execution issued in the State of Texas. TEX.R. CIV. P. 637.