In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00082-CV

____________


IVAN STEPHAN FISHER, Appellant


V.


P. M. CLINTON INTERNATIONAL INVESTIGATIONS, Appellee






On Appeal from 334th Judicial District Court

Harris County, Texas

Trial Court Cause No. 96-36486






O P I N I O N


 Appellant, Ivan Stephan Fisher, challenges a post-judgment discovery order to
compel and for sanctions, which was issued pursuant to a default judgment rendered
against him and in favor of appellee, P. M. Clinton International Investigations
(Clinton), for a suit on a sworn account. In his sole issue, Fisher contends that,
because service of process was invalid for the underlying default judgment, the
default judgment was void and the discovery order issued pursuant to the default
judgment is also void. In response, Clinton contends this court lacks jurisdiction
because the amount in controversy is less than $100, and the discovery order was not
a final, appealable order. In the alternative, Clinton contends Fisher waived his
complaint by not timely responding to Clinton's motion to compel or requesting relief
from the trial court. We dismiss the appeal for want of jurisdiction because the trial
court's order is not a final and appealable order.

 Facts


 Fisher is a licensed attorney in the state of New York, who retained Clinton to
investigate one of Fisher's clients. Fisher paid Clinton a retainer of $5,000, but
Clinton contends Fisher owed an additional $10,700. On July 24, 1996, Clinton filed
suit in the 334th District Court of Harris County. Fisher did not appear, and Clinton
obtained a default judgment on December 5, 1996. Clinton requested post-judgment
discovery pursuant to the default judgment in an effort to collect the judgment. Fisher
did not respond for several years. 

 On December 21, 2000, the trial court held a hearing on the discovery motion. 
After hearing from both parties, the court granted the pending motion in part and held
it in abeyance in part. The trial court stated it would "consider Plaintiff's request for
monetary sanctions only if Defendant's bill of review proceeding is denied, and if
Plaintiff's counsel raises concerns regarding the adequacy and timeliness of Fisher's
responses to the rule 621a discovery that has been ordered herein." (1) The record does
not reflect that the bill of review proceeding has concluded.

Jurisdiction

 As a general rule, an appeal may be taken only from a final judgment or order. 
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 194 (Tex. 2001). A judgment or order
is final if it disposes of every pending claim and party. Id. at 205. Trial-court orders
that grant or deny post-judgment discovery requests are not appealable until a final
judgment is rendered that disposes of all issues between the parties. Arndt v. Farris,
633 S.W.2d 497, 500 n. 5 (Tex. 1982) (citing Parks v. Huffington, 616 S.W.2d 641,
645 (Tex. App.--Houston [14th Dist.] writ ref'd n.r.e.)).

 Fisher cites several cases for the proposition that discovery orders are final
orders that can be appealed. See Schultz v. Fifth Judicial Dist. Court of Appeals, 810
S.W.2d 738, 740 (Tex. 1991); Qualia v. Qualia, 37 S.W.3d 128, 129 (Tex.
App.--San Antonio 2001, no pet.); In re L.A.M. Assoc., 975 S.W.2d 80, 84 (Tex.
App.--San Antonio 1998, no pet.); Thomas v. Thomas, 917 S.W.2d 425, 436 (Tex.
App.--Waco 1996, no writ). These cases are distinguishable, and none addresses
rule 621a orders. (2) Schultz discusses post-judgment orders that resolve all suits
between all parties. See Schultz, 810 S.W.2d at 740. The other cases discuss turnover
orders and mandatory injunctions, both of which are final in resolving disputes
between parties. See Qualia, 37 S.W.3d at 129; L.A.M., 975 S.W.2d at 84; Thomas,
917 S.W.2d at 436. Because a post-judgment discovery order does not resolve all the
disputes between the parties, a rule 621a order is not a final and appealable order. See
Arndt, 633 S.W.2d at 500; Parks, 616 S.W.2d at 645.

 Moreover, the record reflects that other matters are still pending. The order
dated December 21, 2000 states that the trial court neither granted nor denied
sanctions. The trial court also stated sanctions would only be considered if Fisher's
bill of review were denied or if Fisher failed to comply with the rule 621a discovery
order. The record does not reflect the outcome of the bill of review proceeding.

 We hold that the rule 621a discovery order in this case is not a final order or
judgment that can be appealed. We further hold Fisher's contention that he did not
receive notice for the underlying default judgment is not ripe for appeal until the trial
court has ruled on all pending matters. Having held that the trial court's order is not
a final appealable order, we need not address whether the amount in controversy was
over $100, nor whether Fisher waived his complaint.

Conclusion

 We dismiss the appeal for want of jurisdiction.






 Tim Taft


 Justice


Panel consists of Justices Mirabal, Taft, and Smith. (3)


Publish. Tex. R. App. P. 47.4.
1. The rule 621a discovery ordered by the trial court required Fisher to answer
interrogatories and requests for production. Fisher was also required to pay
$75 as discovery costs to plaintiff's attorney, and Fisher was to appear for
deposition.
2. Rule 621a provides for discovery and enforcement of judgments. See Tex. R.
Civ. P. 621a.
3. The Honorable Jackson B. Smith, Jr., retired Justice, Court of Appeals, First
District of Texas at Houston, participating by assignment.