DISMISS; Opinion issued December 21, 2012



In The

# Court of Appeals

## Fifth District of Texas at Dallas

No. 05-12-00473-CV

PATRICK KNOLES, Appellant

V.

WELLS FARGO BANK, N.A. AND COLLIN COUNTY, Appellees

On Appeal from the County Court at Law No. 6
Collin County, Texas
Trial Court Cause No. 006-01594-2011

# MEMORANDUM OPINION

Before Chief Justice Wright and Justices Francis and Lang-Miers
Opinion By Chief Justice Wright

At issue in this appeal are two post-judgment orders—the trial court's (1) April 11, 2012 order denying Patrick Knoles's emergency motion to quash or stay writ of execution and prohibiting him from filing any instrument "of any kind or nature" challenging "in any manner" the execution of the writ; and (2) April 24, 2012 order sanctioning Knoles's counsel for actions taken in connection with the writ. The orders follow the trial court's unappealed December 2011 final judgment awarding Wells Fargo Bank, N.A. possession of certain real property occupied by Knoles. Because an order incident to a writ of execution is not appealable, we directed the parties to file letter briefs addressing our jurisdiction over the appeal. *See Qualia v. Qualia*, 37 S.W.3d 128, 129 (Tex. App.—San Antonio 2001, no pet.).

Citing *Vaughn v. Drennon*, 324 S.W.3d 560 (Tex. 2010) (per curiam), Knoles argues in his letter brief that, because both orders "adjudicat[ed] a new set of fact issues not addressed in the case's underlying judgment" and followed "a conventional trial on the merits," they are "presumed to dispose of all issues and parties" and are appealable final judgments. 324 S.W.3d at 563 (trial court's judgment after conventional trial on merits is final for purposes of appeal). Wells Fargo did not respond, but Collin County counters that although the court may have considered "a new set of fact issues," the orders served to enforce and protect the judgment of possession and were not "transformed" into final judgments by the adjudication of new facts. Collin County argues further, in a motion to dismiss filed subsequent to its letter brief, that we lack subject matter jurisdiction over the sanctions order because the trial court sanctioned Knoles's counsel, not Knoles, and counsel did not appeal. *See Williams v. Colthurst*, 253 S.W.3d 353, 367 (Tex. App.—Eastland 2008, no pet.) ("appealing [parties] may not complain of errors that do not injuriously affect [them] or that merely affect the rights of others.") (quoting *Torrington Co. v. Stutzman*, 46 S.W.3d 829, 843) (Tex. 2000)). We agree with Collin County.

Nothing in the record suggests the orders were issued for a purpose other than to aid in the enforcement of the judgment. Moreover, as Collin County points out, Knoles has no standing to appeal the order imposing sanctions solely against his counsel. *See Bahar v. Lyon Fin. Servs., Inc.*, 330 S.W.3d 379, 388 (Tex. App.—Austin 2010, pet. denied). Accordingly, we lack jurisdiction over this appeal. We grant Collin County's motion to dismiss the appeal and dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

_____
CAROLYN WRIGHT
CHIEF JUSTICE

120473F.P05

–2–



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

PATRICK KNOLES, Appellant

No. 05-12-00473-CV          V.

WELLS FARGO BANK, N.A. AND COLLIN
COUNTY, Appellees

Appeal from the County Court at Law No. 6
of Collin County, Texas. (Tr.Ct.No. 006-
01594-2011).
Opinion delivered by Chief Justice Wright,
Justices Francis and Lang-Miers participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal. We **ORDER** that appellees Wells Fargo Bank, N.A. and Collin County recover their costs, if any, of this appeal from appellant Patrick Knoles.

Judgment entered December 21, 2012.

_____
CAROLYN WRIGHT
CHIEF JUSTICE