# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**
## NO. 02-12-00108-CV


IN RE JOHN DOE

----------

FROM THE 158TH DISTRICT COURT OF DENTON COUNTY

----------

## OPINION

----------

Appellant, identified using the pseudonym "John Doe," appeals from the trial court's order denying his motion to enforce an expunction order. We will dismiss the appeal for lack of jurisdiction.

Based on events that occurred on March 19, 2009, the Flower Mound Police Department arrested Doe, and the Denton County District Attorney's office brought two criminal charges against him. The first charge was for disorderly conduct. The 158th District Court in Denton County (hereinafter "the expunction court") ordered the expunction of all records and files related to this first charge. The Denton County District Attorney's office, however, continued to prosecute

Doe in Denton County Criminal Court No. 1 for the second charge, which was not expunged. Doe alleges that during a pretrial hearing in Criminal Court No. 1, Denton County prosecutor Dustin Gossage violated the expunction court's order by producing an expunged document.

Doe filed a motion to enforce the expunction order and sought a finding holding Gossage in contempt in the expunction court.[1] In his motion to enforce, Doe requested that the expunction court conduct an evidentiary hearing so that Doe could "demonstrate the wrongful conduct on the part of prosecutor Gossage and such other parties who have acted in violation of this Court's [expunction o]rder." The expunction court denied Doe's motion to enforce without an evidentiary hearing.[2] This appeal followed.

Even if not raised by the parties, we may not ignore a lack of appellate jurisdiction. *See N.Y. Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 679 (Tex. 1990); *McCauley v. Consol. Underwriters*, 157 Tex. 475, 478, 304 S.W.2d 265, 266 (1957). "Courts always have jurisdiction to determine their own jurisdiction." *Houston Mun. Emps. Pension Sys. v. Ferrell*, 248 S.W.3d 151, 152 (Tex. 2007).

---

[1] The expunction court assigned Doe's motion to enforce a new cause number.

[2] The trial court did, however, conduct a preliminary hearing regarding whether to proceed with contempt. The trial court concluded that, rather than holding a civil contempt hearing, a criminal investigation by the Texas Rangers was the appropriate next step in the process.

Generally, appeals may be taken only from final judgments. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Appeals may be taken from some types of orders when such an appeal is statutorily authorized. *See, e.g.*, Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (West Supp. 2012). Most post-judgment orders made for the purpose of enforcing or carrying into effect an already-entered judgment are not subject to an appeal because an appeal is typically not statutorily authorized from such an order and because such orders are typically not final judgments or decrees. *See, e.g.*, *Wagner v. Warnasch*, 295 S.W.2d 890, 893 (Tex. 1956); *Bahar v. Lyon Fin. Servs., Inc.*, 330 S.W.3d 379, 385 (Tex. App.—Austin 2010, pet. denied) (citing *Schultz v. Fifth Judicial Dist. Court of Appeals*, 810 S.W.2d 738, 740 (Tex. 1991), *abrogated on other grounds by In re Sheshtawy*, 154 S.W.3d 114, 124–25 (Tex. 2004) (orig. proceeding)); *State Office of Risk Mgmt. v. Berdan*, 335 S.W.3d 421, 428 (Tex. App.—Corpus Christi 2011, pet. denied); *Kennedy v. Hudnall*, 249 S.W.3d 520, 523 (Tex. App.—Texarkana 2008, no pet.). When, however, a post-judgment order acts in the nature of a mandatory injunction that resolves property rights, it may be appealable. *See, e.g.*, *Shultz*, 810 S.W.2d at 740 (holding that turnover order that resolved property rights and acted "in the nature of a mandatory injunction" was appealable). For anything other than what could properly be characterized as a final judgment, a post-judgment order in the nature of a mandatory injunction, or an order subject to a statutorily authorized appeal, mandamus is

the proper form to obtain review of a trial court's orders. *See In re Amaya*, 34 S.W.3d 354, 356 (Tex. App.—Waco 2001, orig. proceeding).

Here, the original judgment is the expunction order. The expunction court later signed an order denying Doe's motion to enforce the expunction order; it is this latter order, made in the course of Doe's efforts to enforce the already-signed original judgment, that is being appealed. This order is not a final judgment. The order does not act in the nature of a mandatory injunction, nor is it subject to a statutorily authorized appeal. Thus, it is not appealable.[3] *See Wagner*, 295 S.W.2d at 893; *see also Berdan*, 335 S.W.3d at 428 (holding that trial court's order to enforce award of attorney's fees did not "act in the nature of a mandatory injunction" and thus, was not appealable); *Transam. Life Ins. Co. v. Rapid Settlements, Ltd.*, No. 01-11-00240-CV, 2011 WL 5428974, at *2 (Tex. App.—Houston [1st Dist.] Nov. 10, 2011, no pet.) (mem. op.) (holding that order denying Transamerica's motion to allow offset of payment of an annuity was an order made under the trial court's authority to enforce an already-entered judgment). Because the order denying Doe's motion to enforce the expunction order is not appealable, we lack jurisdiction to consider this appeal. If we lack jurisdiction over an appeal, our only option is to dismiss the appeal. *See Kilroy v. Kilroy*, 137 S.W.3d 780, 783 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

---

[3]Doe's brief does not request that his appeal be considered, in the alternative, as a petition for writ of mandamus, nor has he filed a petition for writ of mandamus separate from his appeal.

We therefore dismiss this appeal for lack of jurisdiction.


                                        SUE WALKER
                                        JUSTICE

PANEL:  LIVINGSTON, C.J.; WALKER and MCCOY, JJ.

DELIVERED:  March 28, 2013

5