

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MONTE RUBEN SWANZY, | § | |
| | § | No. 08-15-00133-CV |
| Appellant, | | |
| | § | Appeal from |
| v. | | |
| | § | 192nd District Court |
| RICHARDSON INDEPENDENT | | |
| SCHOOL DISTRICT, DALLAS | § | of Dallas County, Texas |
| COUNTY, CITY OF DALLAS, | | |
| DALLAS COUNTY COMMUNITY | § | (TC # TX-14-40120) |
| COLLEGE DISTRICT, PARKLAND | | |
| HOSPITAL DISTRICT, AND | § | |
| DALLAS COUNTY SCHOOL | | |
| EQUILIZATION FUNDS, | § | |
| | | |
| Appellees. | § | |

**MEMORANDUM OPINION**

Richardson Independent School District has filed a motion to dismiss this appeal for want of jurisdiction. Finding that Appellant, Monte Ruben Swanzy, did not perfect his appeal, we grant the motion and dismiss the appeal for want of jurisdiction.

A civil appeal is perfected when the notice of appeal is timely filed. TEX.R.APP.P. 25.1, 26.1; *see Restrepo v. First National Bank of Dona Ana County, N.M.*, 892 S.W.2d 237, 238 (Tex.App.--El Paso 1995, no writ). If the notice of appeal is untimely, the appellate court lacks jurisdiction and must dismiss the case. *See Charette v. Fitzgerald*, 213 S.W.3d 505, 509

(Tex.App.--Houston [14th Dist.] 2006, no pet.). In an ordinary civil case, the notice of appeal must be filed within 30 days after the judgment or appealable order is signed or within 90 days if any party timely files a motion for new trial, motion to modify the judgment, motion to reinstate under TEX.R.CIV.P. 165a, or makes a request for findings of fact and conclusions of law. Tex.R.App.P. 26.1(a). The appellate court may extend the time to file the notice of appeal if, within fifteen days after the deadline passes, the appellant files (1) the notice of appeal in the trial court and (2) a motion for extension of time complying with Rule 10.5(b). TEX.R.APP.P. 26.3; see TEX.R.APP.P. 10.5(b); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

On December 18, 2014, the trial entered a final judgment for delinquent taxes and foreclosure of a tax lien. The judgment specifically provided that an order of sale and all other processes necessary to place the property in possession would issue for sale of the real property. Swanzy's notice of appeal from the final judgment was due to be filed on or before January 17, 2015, but he did not file it until February 27, 2015, more than one month after the due date. Consequently, Swanzy did not timely file his notice of appeal and he failed to perfect his appeal from the final judgment.

We note that the trial court signed an order of sale on February 18, 2015 and Swanzy filed his notice of appeal nine days later. It is well established that a writ of execution and orders incident to such a writ are not appealable orders. *Schultz v. Fifth Judicial District Court of Appeals*, 810 S.W.2d 738, 740 (Tex. 1991); *Qualia v. Qualia*, 37 S.W.3d 128, 129 (Tex.App.--San Antonio 2001, no pet.). The order of sale entered by the trial court two months after entry of the final judgment was issued in aid of enforcement and execution of its final judgment. Consequently, this order is not appealable. In order for Swanzy to challenge the final judgment, which authorized sale of the property to satisfy the tax lien, he was required to perfect his appeal

from the final judgment.  Because Swanzy did not timely file his notice of appeal, we grant Richardson Independent School District's motion and dismiss the appeal for want of jurisdiction.

September 23, 2015

ANN CRAWFORD McCLURE, Chief Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.