

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-20-00369-CV

_____

CHRIS JOHNSON, Appellant

V.

GLENVIEW AUTO FUND, LLC, Appellee

_____

On Appeal from the 67th District Court
Tarrant County, Texas
Trial Court No. 067-321286-20

_____

Before Birdwell, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

Appellant Chris Johnson attempts to appeal from a trial court's order confirming an arbitration award but failing to dispose of Appellee Glenview Auto Loan Fund, LLC's claim for attorney's fees. Because the trial court's order does not resolve all of the parties' claims, it is not a final judgment. We therefore dismiss this appeal for want of jurisdiction.

## I. BACKGROUND

### A. Historical Facts

Johnson was the president of All Pro Motors. All Pro and Glenview entered into a Retail Installment Contract Purchase Agreement (RICA). Under the RICA, Glenview agreed to purchase motor vehicle retail installment contracts from All Pro. Johnson signed the RICA on behalf of All Pro.[1] The RICA contained an arbitration provision in the event of a dispute between the parties. After a dispute arose, the parties' claims were submitted to arbitration. The arbitrator ruled in favor of Glenview, ordering Johnson and All Pro to pay damages, arbitration fees and expenses, and interest.

### B. Procedural History in the Trial Court

Johnson and All Pro refused to pay the arbitration award, so Glenview filed an application for enforcement of the award in the trial court, seeking confirmation of

---

[1]Whether he was also bound individually is one of the parties' disputes.

the award. In the application, Glenview requested:

> (a) $388,008.34 against Johnson and All Pro (the arbitration damages award plus arbitration fees and expenses);
>
> (b) all post-award interest that had incurred on the outstanding award since the missed payment due date; and
>
> (c) attorney's fees "through enforcement of the RICA and for defending against . . . Johnson's baseless claims."

Johnson counterclaimed and filed a third-party petition.

After a Zoom hearing regarding Glenview's application for enforcement, the trial court confirmed the arbitration award. The trial court's signed order, entitled "Final Order," provides,

> IT IS THERFORE ORDERED, ADJUDGED AND DECREED THAT Glenview shall have and is entitled to a judgment from Chris Johnson and All Pro Motors, Inc., jointly and severally, in the sum of FOUR HUNDRED ONE THOUSAND FOUR HUNDRED AND TWO AND 60/100 DOLLARS ($401,402.60) for damages resulting from the arbitration award, which includes prejudgment interest at the rate of 9% per annum for the period of May 13, 2020 through September 30, 2020 in the amount of THIRTEEN THOUSAND THREE HUNDRED NINETY-FOUR AND 26/100 DOLLARS ($13,394.26), plus additional prejudgment interest at the rate of $95.68 per day from September 30, 2020 until the date of signing of a final judgment, plus costs of Court and post-judgment interest thereon at the rate of 9% until fully paid.
>
> IT IS FURTHER ORDERED that Glenview is entitled to and shall receive interest on its judgment in the amount of 9% per annum per the parties' written contract.

The Final Order does not mention attorney's fees or Johnson's claims.

About two weeks after the trial court signed the Final Order, Johnson amended his counterclaim and third-party petition. Less than a week later, Glenview filed a

motion to sever, requesting the trial court to sever Glenview's "affirmative claims so that it [could] proceed to obtain a final judgment on its arbitration award." The motion expressly notes that the Final Order had "affirmed all of [Glenview's] claims [in its] live pleading (except entry of attorney's fees)," so the motion acknowledges that Glenview's claim for attorney's fees had not been resolved. However, the motion also states that "[a] severance [would] allow Glenview's arbitration award to become a final judgment," which appears to overlook the pending claim for attorney's fees. The trial court granted Glenview's motion and severed "Glenview's claims as outlined in its Application for Enforcement of Arbitration Award . . . from the Original Cause No. 067-318392-20, styled *Glenview Auto Loan Fund, LLC v. Chris Johnson and All Pro Motors, Inc. . . .*" One of those claims "outlined" in the application is Glenview's claim for attorney's fees. The Severance Order assesses costs against Glenview but does not mention the claim for attorney's fees.

### C. Jurisdictional Inquiry

Johnson's notice of appeal asserts that the Final Order was made final and appealable by the Severance Order. However, after our initial review of the record revealed that Glenview's claim for attorney's fees raised in its application for enforcement of the arbitration award remained pending, we asked the parties to file supplemental letter briefs addressing our jurisdictional concerns. *See* Tex. R. App. P. 44.3. The parties chose not to file briefs. Instead, we received a letter from Johnson's counsel stating that "the parties agree that the case [is] not final for purposes of

4

appeal, and that the matter should be immediately remanded to the trial court for entry of a corrected order."

## II. DISCUSSION

### A. Standard of Review

Whether a judgment is final impacts jurisdiction and is therefore a legal question that we review de novo. *Shetewy v. Mediation Inst. of N. Tex., LLC*, 624 S.W.3d 285, 287 (Tex. App.—Fort Worth 2021, no pet.); *Jordan v. Klingbeil*, No. 05-17-01228-CV, 2018 WL 6616971, at *3 (Tex. App.—Dallas Dec. 18, 2018, no pet.) (mem. op.); *Redwine v. Peckinpaugh*, 535 S.W.3d 44, 48 (Tex. App.—Tyler 2017, no pet.).

### B. Appellate Jurisdictional Law

We have jurisdiction to determine our own jurisdiction. *Consol. Healthcare Servs., LLC v. Mainland Shopping Ctr., Ltd.*, 589 S.W.3d 915, 920 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *In re Doe*, 397 S.W.3d 847, 849 (Tex. App.—Fort Worth 2013, no pet.). An appellate court must always consider if jurisdiction is proper, even if it is not raised by the parties. *N.Y. Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 679 (Tex. 1990). A court may not address the merits of a claim if it lacks jurisdiction to do so. *State v. Ninety Thousand Two Hundred Thirty-Five Dollars & No Cents in U.S. Currency ($90,235)*, 390 S.W.3d 289, 291–92 (Tex. 2013); *AECOM USA, Inc. v. Mata*, No. 04-15-00773-CV, 2016 WL 5112222, at *2 (Tex. App.—San Antonio Sept. 21, 2016, pet. denied) (mem. op.). If the record does not conclusively establish the appellate court's

jurisdiction, the appeal must be dismissed. *Pipes v. Hemingway*, 358 S.W.3d 438, 445 (Tex. App.—Dallas 2012, no pet.); *see* Tex. R. App. P. 42.3(a).

Appellate courts have jurisdiction over an appeal only if the order from the trial court is actually appealable. *Office Emps. Int'l Union Local 277 v. Sw. Drug Corp.*, 391 S.W.2d 404, 407 (Tex. 1965). Thus, appellate courts have jurisdiction to consider appeals only from final judgments or from interlocutory orders made immediately appealable by statute. *In re Roxsane R.*, 249 S.W.3d 764, 774–75 (Tex. App.—Fort Worth 2008, orig. proceeding); *see Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 & n.12 (Tex. 2001).

## C. No Interlocutory Appeal

Johnson could have chosen to file an interlocutory appeal of the Final Order, but he did not. Without deciding whether both the Federal Arbitration Act and Texas Arbitration Act or only one applies to this case, we note that both Acts permit an interlocutory appeal from an order confirming an arbitration award. *See* 9 U.S.C.A. § 16(a)(1)(D); Tex. Civ. Prac. & Rem. Code Ann. §§ 51.016, 171.098(a)(3); *cf. Accord Bus. Funding, LLC v. Ellis*, No. 14-19-00279-CV, 2021 WL 1745472, at *1 n.1 (Tex. App.—Houston [14th Dist.] May 4, 2021, no pet.) (noting that both Acts allow an interlocutory appeal from an order denying a motion to compel arbitration). Interlocutory appeals are accelerated appeals. Tex. R. App. P. 28.1(a). A notice of appeal in an accelerated appeal must be filed within twenty days after the order is signed. Tex. R. App. P. 26.1(b). A motion for extension of time filed or implied and

notice of appeal filed within fifteen days after the deadline may extend the deadline. Tex. R. App. P. 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997).

Here, the trial court signed the Final Order confirming the arbitration award on October 1, 2020. Johnson chose not to file a notice of appeal until fifty days later, November 20, 2020, after he believed he had a final judgment, and long after the deadline for perfecting an accelerated appeal had passed. *See* Tex. R. App. P. 26.1(b); 26.3.

Interlocutory orders that are immediately appealable may also be appealed after a final judgment. *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 392–93, 396, 397 (Tex. 2020) ("[B]y granting appellate courts limited jurisdiction over appeals from interlocutory orders, the Legislature did not restrict appellate jurisdiction over appeals from final judgments and the orders merged therein."). Johnson filed his notice of appeal within thirty days of the Severance Order because he believed that order resulted in a final judgment. *See* Tex. R. App. P. 26.1. We therefore determine whether the Severance Order made the Final Order a final, appealable judgment.

### D. No Final Judgment

A judgment is the trial court's consideration and determination of the case that grants or denies relief. Tex. R. Civ. P. 301. In a case such as this one, where there has been no conventional trial on the merits, a judgment carries no presumption of finality. *Lehmann*, 39 S.W.3d at 199. As we explained in *Wright v. Payne*,

"[A]n order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it" does. *Id.* at 205; *see also In re Elizondo*, 544 S.W.3d 824, 827–28 (Tex. 2018) (orig. proceeding) (quoting same). If the order's finality language is clear and unequivocal, we do not examine the record. *Elizondo*, 544 S.W.3d at 828, 829. However, if the order's language is ambiguous, we do examine the record to determine finality. *See Pope-Nixon v. Howard*, No. 05-18-01215-CV, 2019 WL 911745, at *1 (Tex. App.—Dallas Feb. 25, 2019, no pet.) (mem. op.) (citing *Elizondo*, 544 S.W.3d at 827–28).

No. 02-19-00147-CV, 2019 WL 6003243, at *2 (Tex. App.—Fort Worth Nov. 14, 2019, no pet.) (mem. op.).

### 1. No Clear and Unequivocal Finality Language

The Final Order and the Severance Order, taken separately or together, do not contain clear and unequivocal language of finality. Examples of clear and unequivocal finality language include: "This judgment finally disposes of all parties and all claims and is appealable," *Lehmann*, 39 S.W.3d at 206, and "This judgment is final, disposes of all claims and all parties, and is appealable," *Elizondo*, 544 S.W.3d at 825, 827. An order's title cannot determine whether the order is a final judgment. *Lehmann*, 39 S.W.3d at 205. In fact, "[i]ncluding the word 'final' in the title or elsewhere in the order, awarding costs, or stating that the order or judgment is appealable is not necessarily language of sufficient clarity to make it final for purposes of appeal." *Jesse James Fitness, LLC v. Stiles*, No. 02-19-00417-CV, 2020 WL 827605, at *1 (Tex. App.—Fort Worth Feb. 20, 2020, no pet.) (mem. op.) (citing *Lehmann*, 39 S.W.3d at 192–93).

8

The Final Order, despite its name, contains no finality language and appears to contemplate the future "signing of a final judgment." *See Lehmann*, 39 S.W.3d at 192–93. The Severance Order grants Glenview's severance motion, severs its claims from the remaining claims, and awards costs, but it also lacks finality language. *See id.* Because the Final Order and the Severance Order do not contain unambiguous language of finality, we examine the record to determine whether every pending claim and party were disposed of. *See Elizondo*, 544 S.W.3d at 827–28; *Wright*, 2019 WL 6003243, at *2.

### 2. No Disposition of Pending Claim for Attorney's Fees

A severance is one way to achieve finality, but the record shows that Glenview's claim for attorney's fees remains pending despite the severance. Thus, there is no final judgment.

"A severance divides the lawsuit into two or more separate and independent causes. When this has been done, a judgment which disposes of all parties and issues in one of the severed causes is final and appealable." *Hall v. City of Austin*, 450 S.W.2d 836, 837–38 (Tex. 1970). However, when the judgment in the severed cause lacks the *Lehmann* finality language and fails to dispose of pending claims, the judgment is not final or appealable, and we have no jurisdiction over the appeal. *Blomstrom v. Altered Images Hair Studio*, No. 01-19-00456-CV, 2020 WL 6065437, at *1 (Tex. App.—Houston [1st Dist.] Oct. 15, 2020, no pet.) (mem. op.); *Padua v. Jason A. Gibson, P.C.*, 608 S.W.3d 842, 845–46 (Tex. App.—Houston [14th Dist.] 2020, no pet.); *Canneus v.*

9

*Sikander*, No. 05-18-01455-CV, 2019 WL 1499362, at *1 (Tex. App.—Dallas Apr. 5, 2019, no pet.) (mem. op.).

The Final Order does not address Glenview's request for attorney's fees, nor does it address Johnson's counterclaim or third-party petition. Taken alone, the Final Order is not final but interlocutory.

The Severance Order resolves the jurisdictional problem of Johnson's pending claims by severing Glenview's claims into a new cause. However, the Severance Order does not dispose of Glenview's claim for attorney's fees. That claim is still pending in the severed cause from which Johnson attempted this appeal. Accordingly, even when considering the Severance Order, we hold that the trial court's Final Order is not an appealable, final judgment. *See Prototype Mach. Co. v. Boulware*, No. 04-18-00441-CV, 2018 WL 6331059, at *1 (Tex. App.—San Antonio Dec. 5, 2018, no pet.) (per curiam) (mem. op.).

### 3. No Jurisdiction

The Final Order, taken in conjunction with the Severance Order, lacks the *Lehmann* finality language and fails to dispose of Glenview's pending claim for attorney's fees. The judgment is therefore not final or appealable, and we have no jurisdiction over the appeal. *See Farm Bureau Cty. Mut. Ins. Co. v. Rogers*, 455 S.W.3d 161, 162–64 (Tex. 2015) (holding that summary-judgment order lacking *Lehmann* finality language that did not dispose of claims for attorney's fees was not final); *McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001) (holding that summary-judgment

order's disposition of court costs did not dispose of attorney's-fees claim and did not demonstrate finality). *See generally Lehmann*, 39 S.W.3d at 206. *But cf. Ray Haluch Gravel Co. v. Cent. Pension Fund of the Int'l Union of Operating Eng'rs and Participating Emp'rs*, 571 U.S. 177, 179, 134 S. Ct. 773, 777 (2014) (holding that in federal court, a judgment that disposes of merits is final and appealable even if claims for attorney's fees are pending).

### E. The Proper Remedy

Johnson's response to our jurisdictional inquiry states that the parties seek a remand of the case to the trial court for entry of a corrected order. However, remand is not appropriate in this case. Because we lack jurisdiction, we must dismiss the appeal for want of jurisdiction. *See Shetewy*, 624 S.W.3d at 288. *See generally State v. Morales*, 869 S.W.2d 941, 949 (Tex. 1994) ("When a court lacks jurisdiction, its only legitimate choice is to dismiss.").

### III. CONCLUSION

The Final Order, even after the severance, is not a final judgment because attorney's fees remain pending. We therefore dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

/s/ Mike Wallach
Mike Wallach
Justice

Delivered: August 12, 2021