

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00832-CV

**ENVIRONMENTAL INDUSTRIAL SERVICES GROUP, INC.** d/b/a EISG, Inc., Barry
Esene, and Ruthie Esene,
Appellants

v.

**HOLT TEXAS LTD**,
Appellee

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2021-CI-13443
Honorable Christine Vasquez-Hortick, Judge Presiding

PER CURIAM

Sitting:    Beth Watkins, Justice
            Liza A. Rodriguez, Justice
            Lori I. Valenzuela, Justice

Delivered and Filed: January 17, 2024

DISMISSED FOR WANT OF JURISDICTION

The underlying dispute in this appeal involves a bill of review that sought to set aside a
2020 money judgment against appellants. An appeal of the final judgment in the bill of review is
currently pending in this court in Cause Number 04-23-00067-CV. The notice of appeal in this
case, however, challenges a post-judgment order directing the Bexar County District Clerk to
release funds held in the trial court's registry. The order at issue in this appeal required the funds
in question to be disbursed to a receiver appointed after the entry of the 2020 judgment challenged
in the bill of review.

Generally, a direct appeal may challenge only "a final judgment or certain interlocutory orders expressly made appealable by statute." *Sunnyland Dev., Inc. v. Shawn Ibrahim, Inc.*, 597 S.W.3d 1, 2 (Tex. App.—Houston [1st Dist.] 2020, no pet.) (citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.012, 51.014(a)); *see also Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). "Orders made for the purpose of enforcing or carrying into effect an already-rendered judgment generally are not final judgments or decrees, and therefore cannot be appealed." *Sintim v. Larson*, 489 S.W.3d 551, 556 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *In re Doe*, 397 S.W.3d 847, 849 (Tex. App.—Fort Worth 2013, no pet.); *Qualia v. Qualia*, 37 S.W.3d 128, 129 (Tex. App.—San Antonio 2011, no pet.). "An appeal from a post-judgment order that is not appealable must be dismissed for lack of jurisdiction." *Sunnyland*, 597 S.W.3d at 3; *see also Lovall v. Yen*, No. 14-07-00770-CV, 2008 WL 361373, at *1–2 (Tex. App.—Houston [14th Dist.] Feb. 12, 2008, no pet.) (mem. op.) (dismissing appeal of post-judgment order that "was merely a ministerial act incident to the final judgment, providing for disbursement of funds directed by the [final] judgment, akin to a writ of execution").

On November 28, 2023, we issued an order noting that the post-judgment order appellants seek to challenge does not appear to be either a final judgment or an appealable interlocutory order. *See, e.g.*, *Qualia*, 37 S.W.3d at 129; *Lovall*, 2008 WL 361373, at *1–2. We therefore ordered appellants to show cause why this appeal should not be dismissed for want of jurisdiction. In our order, we cautioned appellants that if they did not file an adequate response, we would dismiss the appeal for want of jurisdiction.

On December 27 and 28, 2023, appellants filed two amended notices of appeal purporting to change the style of this case to "Leesen, LLC and Diogu Law Firm PLLC v. Craig Noack and

Noack Law Firm, PLLC."[1] On December 29, 2023, appellants filed a response to our show cause order. In their response, appellants argued that the challenged post-judgment order is final and appealable because it is void. As support for this proposition, appellants cited several opinions holding that a judgment may be final for the purposes of appeal *even if* it is void. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 485–86 (Tex. 1995); *Newsom v. Ballinger Indep. Sch. Dist.*, 213 S.W.3d 375, 380 (Tex. App.—Austin 2006, no pet.); *In re Vlasak*, 141 S.W.3d 233, 237–38 (Tex. App.—San Antonio 2004, orig. proceeding); *see also PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012) (defining void judgment). However, none of appellants' cited authority holds that a post-judgment order is final or otherwise appealable *because* it is purportedly void. *See Sintim*, 489 S.W.3d at 556 ("Even if a trial court signs an interlocutory order that is void for lack of jurisdiction, this court still has no jurisdiction to entertain an interlocutory appeal from that order absent statutory authority.") (internal quotation marks omitted); *see also In re Fluid Power Equip., Inc.*, 612 S.W.3d 130, 134 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (noting that post-judgment orders made for the purpose of enforcing or carrying out a prior judgment "are not subject to appeal" but may be reviewable by mandamus).

Appellants' response to our show cause order did not address the issue raised in that order: that the challenged post-judgment order appears to be a non-appealable "[o]rder[] made for the purpose of enforcing or carrying into effect an already-rendered judgment[.]" *Sintim*, 489 S.W.3d at 556; *Qualia*, 37 S.W.3d at 129; *Lovall*, 2008 WL 361373, at *1–2. Because we conclude the

---

[1] Diogu Law Firm PLLC represents appellants, while Leesen LLC appears to have paid the funds held in the trial court's registry. Craig Noack and Noack Law Firm, PLLC are the court-appointed receiver and his law firm. The record before us does not indicate that Diogu Law Firm PLLC or Leesen LLC were parties to this lawsuit below or that they intervened before the trial court rendered a final judgment. *See State v. Naylor*, 466 S.W.3d 783, 795 (Tex. 2015).

challenged post-judgment order is not an appealable order, we dismiss this appeal for want of jurisdiction.

PER CURIAM