

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-01077-CV

Hannah **ROBERTS**,
Appellant

v.

Jason **BURNETT**,
Appellee

From the 456th District Court, Guadalupe County, Texas
Trial Court No. 23-0619-CV-E
Honorable Heather H. Wright, Judge Presiding

PER CURIAM

Sitting:        Luz Elena D. Chapa, Justice
                  Irene Rios, Justice
                  Beth Watkins, Justice

Delivered and Filed: February 28, 2024

DISMISSED FOR LACK OF JURISDICTION

On November 27, 2023 appellant Hannah Roberts filed a pro se notice of appeal. The notice of appeal does not identify any judgment being appealed. *See* TEX. R. APP. P. 25.1(d)(2). Instead, it attaches an affidavit in which appellant accuses her former counsel in the case, along with opposing counsel, of fraud and deception. The clerk's record was filed on January 2, 2024. A review of the record shows it includes a May 9, 2023 agreed final judgment.

A timely notice of appeal is necessary to invoke this court's jurisdiction. *Sweed v. Nye*, 323 S.W.3d 873, 875–76 (Tex. 2010); *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997); TEX. R.

APP. P. 25.1(b) (providing appeal is perfected when a notice of appeal is filed). Rules 26.1 and 26.3 of the Texas Rules of Appellate Procedure prescribe the time period during which a notice of appeal or a motion for extension of time to file a notice of appeal must be filed to perfect an appeal in a civil case. *See* TEX. R. APP. P. 26.1, 26.3. They provide when a party does not file a timely post-judgment motion extending the appellate timetable, a notice of appeal is due either thirty days after the final judgment is signed or fifteen days later so long as an extension motion is simultaneously filed. *See id.* R. 26.1, 26.3.

Because appellant did not file a timely post-judgment motion extending the appellate timetable, the notice of appeal was due June 8, 2023, or June 23, 2023 with an extension of time. *See id.* R. 26.1, 26.3. Because appellant did not file her notice of appeal until November 27, 2023, it appeared untimely filed, and we ordered appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Appellant responded by letter stating the pro se notice of appeal was as to the May 9, 2023 judgment.[1]

Accordingly, this appeal is dismissed for lack of jurisdiction.[2]

PER CURIAM

---

[1] The record also includes a November 9, 2023 order compelling adequate responses to post-judgment discovery requests. We identified the November 9 order in our show cause order observing "orders made for the purpose of enforcing or carrying into effect an already-rendered judgment generally are not final judgments or decrees, and therefore cannot be appealed." *Sintim v. Larson*, 489 S.W.3d 551, 556 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *In re Doe*, 397 S.W.3d 847, 849 (Tex. App.—Fort Worth 2013, no pet.); *Qualia v. Qualia*, 37 S.W.3d 128, 129 (Tex. App.—San Antonio 2011, no pet.). Appellant did not claim to be appealing this order, only the May 9, 2023 judgment ("the pro se notice of appeal is for the May 9, 2023, Judgement").
[2] Because we dismiss the appeal for lack of jurisdiction, appellee's motion to dismiss the appeal is denied as moot.