

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00959-CV

Billy **STONE** known correctly as Billie O. Stone, d/b/a Stobil Enterprise,
Appellant

v.

**K CLARK PROPERTY MANAGEMENT LLC**, Agent for Trans Ventura, LLC Series B,
Appellees

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2020CV00366
Honorable David J. Rodriguez, Judge Presiding

PER CURIAM

Sitting:      Irene Rios, Justice
              Beth Watkins, Justice
              Liza A. Rodriguez, Justice

Delivered and Filed: April 10, 2024

DISMISSED FOR LACK OF JURISDICTION

The underlying dispute in this appeal began as a forcible detainer action. In 2020, the county court at law awarded possession of the premises in question to appellee, and a writ of possession was executed on February 19, 2020. Appellants appealed the county court's judgment in Cause Number 04-20-00124-CV, but we dismissed the appeal for lack of jurisdiction. *See Stone v. K Clark Prop. Mgmt. LLC*, No. 04-20-00124-CV, 2020 WL 2139294, at *1 (Tex. App.—San Antonio May 6, 2020, no pet.) (mem. op.) (per curiam). In our order dismissing Cause Number 04-20-00124-CV, we directed "that no costs be assessed against appellants Billy Stone dba Stobil

Enterprise and All Occupants because they are indigent." *See* TEX. R. APP. P. 20.1 (defining "costs" as "filing fees charged by the appellate court").

The clerk's record in this appeal shows that in the years since we issued our opinion, order, and mandate in Cause Number 04-20-00124-CV, appellants have filed multiple motions in the county court arguing that our mandate entitled them to a refund of costs and fees they paid to the justice court and the county court at law during the forcible detainer proceedings. The county court at law has signed at least three orders denying appellants' requested relief, most recently on October 16, 2023. On October 25, 2023, appellants filed a notice of appeal from the county court's October 16 order.

Generally, a direct appeal may challenge only "a final judgment or certain interlocutory orders expressly made appealable by statute." *Sunnyland Dev., Inc. v. Shawn Ibrahim, Inc.*, 597 S.W.3d 1, 2 (Tex. App.—Houston [1st Dist.] 2020, no pet.); *see also Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). In most cases, there is only one final, appealable judgment. *See Butler v. Amegy Bank, N.A.*, No. 14-15-00410-CV, 2016 WL 3574685, at *2 (Tex. App.—Houston [14th Dist.] June 30, 2016, no pet.) (mem. op.). "Orders made for the purpose of enforcing or carrying into effect an already-rendered judgment generally are not final judgments or decrees, and therefore cannot be appealed." *Sintim v. Larson*, 489 S.W.3d 551, 556 (Tex. App.—Houston [14th Dist.] 2016, no pet.); *In re Doe*, 397 S.W.3d 847, 849 (Tex. App.—Fort Worth 2013, no pet.); *Qualia v. Qualia*, 37 S.W.3d 128, 129 (Tex. App.—San Antonio 2011, no pet.). "An appeal from a post-judgment order that is not appealable must be dismissed for lack of jurisdiction." *Sunnyland*, 597 S.W.3d at 3; *see also Lovall v. Yen*, No. 14-07-00770-CV, 2008 WL 361373, at *1–2 (Tex. App.—Houston [14th Dist.] Feb. 12, 2008, no pet.) (mem. op.) (dismissing appeal of post-judgment order that "was merely a ministerial act incident to the final judgment, providing for disbursement of funds directed by the [final] judgment, akin to a writ of execution").

Because the order challenged in this appeal did not appear to be either a final judgment or an appealable interlocutory order, on January 29, 2024, we ordered appellants to show cause why this appeal should not be dismissed for lack of jurisdiction. On February 28, 2024, appellants filed the response required by our order. Appellants' response appears to argue that our 2020 judgment in Cause Number 04-20-00124-CV should have resolved certain issues involved in the forcible detainer proceedings but did not do so. Appellants also again contend that our 2020 judgment in Cause Number 04-20-00124-CV entitled them to recover all costs and fees they paid during the forcible detainer proceedings.[1] However, appellants cite no authority to support a conclusion that the challenged order was either a final judgment or an appealable interlocutory order, and we have found none. *See, e.g.*, *Qualia*, 37 S.W.3d at 129; *Lovall*, 2008 WL 361373, at *1–2. Accordingly, we dismiss this appeal for lack of jurisdiction.

PER CURIAM

---

[1] Appellants' response also asks us to amend our judgment in Cause Number 04-20-00124-CV to award them the bond and other fees they paid below. Our plenary power over the May 6, 2020 judgment in Cause Number 04-20-00124-CV expired on July 5, 2020. *See* TEX. R. APP. P. 19.1(a). We therefore lack authority to modify the judgment in that appeal. *See* TEX. R. APP. P. 19.3.