**Opinion filed October 10, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-24-00233-CV

_____

## NEXTMETALS LTD. AND BENTON WILCOXON, Appellants

## V.

## SPARKIE PROPERTIES, LLC, Appellee

**On Appeal from the 238th District Court**

**Midland County, Texas**

**Trial Court Cause No. CV58242**

## M E M O R A N D U M   O P I N I O N

Appellant, NextMetals Ltd. (NextMetals), filed a notice of appeal on August 26, 2024, in which it expressed its "desire[] to appeal the [trial court's] order permitting sale of shares of stock," and directing that the proceeds be released to Appellee, Sparkie Properties, LLC (Sparkie Properties). We notified NextMetals that the trial court's order did not appear to be appealable and requested a response showing grounds to continue this appeal. In its response, NextMetals asserts that the order is an appealable final judgment, and "concerns controlling issues of federal

preemption and securities and exchange law." Sparkie Properties filed a reply contesting jurisdiction. Upon review of the procedural history of this case, we conclude that the order authorizing the sale of shares is not appealable.

Appeals may be taken "from 'final decrees and judgments,'" and interlocutory orders from which an appeal is expressly authorized by statute. *Indus. Specialists, LLC v. Blanchard Refin. Co., LLC*, 652 S.W.3d 11, 13–14 (Tex. 2022) (quoting Judiciary Act of 1789, ch. XX, § 22, 1 Stat. 73, 84 (codified at 28 U.S.C. § 1291 (2012))); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 51.012 (West 2015), § 51.014(a) (West Supp. 2024) (allowing appeals from a final judgment). Most postjudgment orders issued to effect or enforce a judgment are not appealable because they are neither a final judgment nor an interlocutory order for which an appeal is statutorily authorized. *Sunnyland Dev., Inc. v. Shawn Ibrahim, Inc.*, 597 S.W.3d 1, 2–3 (Tex. App.—Houston [1st Dist.] 2020, no pet.); *see also Grisaffi v. Rocky Mountain High Brands, Inc.*, No. 05-20-00538-CV, 2022 WL 10311712, at *9 (Tex. App.—Dallas Oct. 18, 2022, pet. denied) (mem. op.) (appellate court determined it had no jurisdiction to review a postjudgment ruling on a motion to declare the monetary relief awarded in the judgment satisfied). "For anything other than what could properly be characterized as a final judgment, a postjudgment order in the nature of a mandatory injunction, or an order subject to a statutorily authorized appeal, mandamus is the proper form to obtain review of a trial court's orders." *In re Doe*, 397 S.W.3d 847, 849 (Tex. App.—Fort Worth 2013, no pet.).

In December 2021, Sparkie Properties sued NextMetals and Benton Wilcoxon for breach of promissory notes. On September 2, 2022, the trial court rendered a default judgment against NextMetals and Wilcoxon awarding Sparkie Properties the amount owed under the promissory notes, plus accrued interest, postjudgment interest, court costs, and attorney's fees. The trial court subsequently issued three turnover orders requiring NextMetals and Wilcoxon to transfer equity stock in

various corporations to Sparkie Properties, and an order appointing a receiver. Wilcoxon appealed the order appointing a receiver, which is pending in this court under our cause number 11-23-00292-CV.

The third turnover order was issued in April 2024, after Wilcoxon filed his notice of appeal. That order required the transfer of shares of specific stock to Sparkie Properties. Once Sparkie Properties received certificates for the specified shares, it moved to sell the shares to satisfy a portion of the judgment. The trial court granted the motion on August 9, 2024, and ordered the proceeds from the sale to be released to Sparkie Properties. This order for the sale of shares previously transferred pursuant to the third turnover order is the subject of NextMetal's attempted appeal.

As Sparkie Properties correctly points out, the trial court issued several appealable orders. *See* CIV. PRAC. & REM. § 31.002 (West 2020) (the Texas turnover statute, which permits judgment creditors to seek court assistance in reaching a judgment debtor's property), § 51.014(a) (permitting appeal from an interlocutory order appointing a receiver or trustee); *see also Alexander Dubose Jefferson & Townsend LLP v. Chevron Phillips Chem. Co.*, 540 S.W.3d 577, 586–89 (Tex. 2018) (discussing the finality of turnover orders and appealability of subsequent orders). NextMetals did not appeal any of the turnover orders "resolving property rights," and did not petition for a writ of mandamus after the trial court signed the order requiring the sale of the shares. *See Sunnyland Dev., Inc.*, 597 S.W.3d at 3; *Doe*, 397 S.W.3d at 849. Such an order is neither a final judgment nor subject to a statutorily authorized appeal and does not function as a mandatory injunction resolving property rights. *See Sunnyland Dev., Inc.*, 597 S.W.3d at 3; *Doe*, 397 S.W.3d at 849. It is merely an order enforcing the trial court's third turnover order. *See Sunnyland Dev., Inc.*, 597 S.W.3d at 3. Consequently, it is not appealable, and we lack jurisdiction to address it. *See* TEX. R. APP. P. 42.3.

We further observe that, according to Sparkie Properties, the shares have been sold, which renders the issue before us moot. "Under the Texas Constitution's separation-of-powers doctrine, courts lack jurisdiction to issue an advisory opinion, the 'distinctive feature' of which is that it 'decides an abstract question of law without binding the parties.'" *Abbott v. Mexican Am. Legislative Caucus, Tex. House of Representatives*, 647 S.W.3d 681, 689 (Tex. 2022) (quoting *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993); *see* TEX. CONST. art. II, § 1. "A case becomes moot if, since the time of filing, there has ceased to exist a justiciable controversy between the parties—that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome." *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012). Here, if the transferred shares have in fact been sold, and the proceeds released to Sparkie Properties, our "action on the merits cannot affect the parties' rights or interests." *See Abbott*, 647 S.W.3d at 689 (quoting *Heckman*, 369 S.W.3d at 162); *see also Mitchell v. Turbine Res. Unlimited, Inc.*, 523 S.W.3d 189, 198 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) ("When a party appeals an order . . . authorizing sale of certain property and the property has been sold, the appeal of the order becomes moot.").

Accordingly, we dismiss this appeal for want of jurisdiction.

W. BRUCE WILLIAMS
JUSTICE

October 10, 2024

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.